Abbott *v.* Edgerton.

---

CHAUNCEY ABBOTT *v.* JACOB EDGERTON.

*Sheriff. Execution.*

Notwithstanding a sheriff returns an attachment of property upon a writ, when by the direction of the plaintiff the attachment was merely nominal and the officer did not take possession of the property, he will not be liable to the plaintiff for not having the property described in his return to respond to the judgment.

A sheriff, to whom an execution has been delivered for collection, is not liable at the suit of the creditor for neglecting to minute upon the execution the time of receiving it, unless the latter has, before the commencement of his action, suffered actual damage by reason of such omission.

CASE against a sheriff, in two counts: the first for not keeping property attached by him to respond to the judgment, and the second for neglecting to make a minute upon the execution of the time when he received it for collection. Plea, the general issue, and trial by jury, at the September Term, 1857,— KITTREDGE, J., presiding.

The plaintiff introduced in evidence an original writ, record of judgment and execution in his favor against the Rutland and Burlington Railroad Company.

The defendant served the writ as sheriff of Rutland county, and certified in his return thereon that he had attached, as the property of the debtor, a passenger car, and had minuted his fees on the writ, including travel, copy of the writ and a charge for securing property. The execution was delivered to the defendant for collection, and he made a return of *nulla bona* thereon. There was no memorandum upon the execution of the time when the defendant received it, and the plaintiff called a witness by whom he proved that it was delivered to the defendant within thirty days from the time when judgment was rendered. The defendant testified that he was instructed by the plaintiff's attorney not to attach property upon the writ, but to *return* that he had attached a car, and that he need not take it into his possession, and that he should not be liable on account of it in any way, and that he thereupon made his return accordingly, without actually taking any property whatever, and also that he never claimed or received any fees of the plaintiff for securing property upon the writ.

The plaintiff objected to the admission of this testimony, but the court admitted it, and charged the jury that if they believed it, the defendant would be entitled to a verdict upon the first count of the declaration.

The plaintiff also claimed a right to recover upon the second count, and in reference thereto it appeared that his attorney had, since the commencement of this suit, applied to the defendant's attorney for an admission that the execution was delivered to the

15

defendant within thirty days from the rendition of the judgment, but that the defendant's attorney declined making any such admission, and in consequence thereof the plaintiff was obliged to call a witness to prove such a delivery.

But the court charged the jury that the plaintiff was not entitled to recover unless he showed that he had suffered actual damage before the commencement of the suit, by reason of the omission of the defendant to minute upon the execution the time when he received it. The jury returned a verdict for the defendant. Exceptions by the plaintiff.

*Charles L. Williams,* for the plaintiff.

*R. Pierpoint* and *Linsley & Prout,* for the defendant.

The opinion of the court was delivered by

POLAND, J. In this case the jury must have found that the attorney for the plaintiff directed the defendant to return that he had attached a car, but that he need not take it into his possession, and that he should not be liable on account of it in any way, and that the sheriff, in consequence of this direction, made his return accordingly and neglected to take possession of the car.

It is manifest that under this state of facts, it would be the grossest injustice to hold the officer liable to the plaintiff for not keeping the car to satisfy the plaintiff's judgment when obtained. No principle is better settled in this state than the one that when a creditor interferes with an officer, and by direction induces him to depart from the regular course of his official duty, he cannot afterwards turn round upon the officer and make him liable in damages for not following the direction of the law in his proceedings. The principle has been carried in many cases to the extent that when the officer was induced, by the control and direction of the party, to depart from the regular line of his official duty, he became but the private agent of the party and could not be held liable officially, even though he departed from his principal's instructions. Many of the cases cited in the argument are of this character.

But the plaintiff insists that the evidence to prove the directions to the officer in this case was inadmissible, upon the ground that

Abbott *v.* Edgerton.

such evidence would be allowing the officer to contradict his own return upon the writ.

The general principle that the return of an officer upon legal process is conclusive upon the parties to the process and also upon himself, is too well settled everywhere to admit of doubt or debate, and is founded upon such sound reason as to allow of no desire to depart from it. To this rule, as to almost all other general rules of law, there are many exceptions, as will appear by reference to the cases cited at the bar.

But in the present case we find no occasion to enter into any discussion of the learning in relation either to the general rule or the exceptions to it, as we think the evidence received in this case was no violation of the general rule, and no necessity arises to shelter its admissibility under any of the exceptions to it. The officer was directed to make a return of the attachment of a car, and he did so, and his return is in entire harmony with the direction. He was directed not to take possession of the car but to leave it in the possession of the debtor, and he followed the direction. This, we think, is in no manner a contradiction of his return any more than if he had at first taken possession of the car, and had at some subsequent day, by the direction of the plaintiff, surrendered it to the possession of the debtor. It is conceded that such a direction and surrender of the property would be no contradiction of the return, and would be a full defense to the officer in a suit for not keeping the property.

The case of *Ordway* v. *Bacon,* 14 Vt. 378, goes quite beyond what we are called upon to decide in the present case. It was there decided that "In an action against a sheriff for the default of his deputy in not taking bail and for making a false return, in a suit where the deputy returned that he had taken *good and sufficient bail,* but no person's name was indorsed on the writ as bail, in such case the deputy, having been duly released by the sheriff, was a competent witness to prove that when the writ was delivered to him for service, the plaintiff directed him not to take bail, and that such a direction was a bar to the action." We think there was no error in the direction of the county court to the jury, that the facts found constituted a good defense to the plaintiff's claim on the defendant for not keeping the car attached on the writ.

The plaintiff in his second count claims damages of the defendant for his neglect to make a minute upon his execution of the time the same was placed in his hands for collection. The statute makes this the duty of the officer receiving an execution, and the object of the requirement was evidently to furnish a ready and easy mode of proving that fact, and such minute has been held to be *prima facie* evidence to prove the fact. Still it has been held not to be the only mode of proving it, and if the officer omits to make the minute, the creditor, or the officer, is permitted to show by other evidence the time of delivering the execution to the officer, and that is equally effectual when it becomes necessary to establish the fact in order to charge property in execution. The minute is not made a requisite in order to establish any right, either of the creditor or the officer. Still it is the legal duty of the officer to make such a minute, and if his neglect to do so could be shown to have been the occasion of any loss or damage to the party, he would undoubtedly be liable to an action therefor. But such minute is no part of the service or execution of the process, and the officer cannot be made liable for an omission to make it without proof of actual damage, as he may for not obeying the command of the precept by making a return of it. In this case there was no attempt to prove that the plaintiff had sustained any damage from the want of this minute before the commencement of this suit. The only claim of damage is, that on the trial of this action the defendant refused to admit that he received the execution within the thirty days, and the plaintiff was obliged to call a witness to prove it. It would certainly be novel to allow a party to bring a suit with no claim, and allow him to recover damages which he sustained during the trial.

We are equally satisfied with the correctness of the ruling of the county court upon this part of the case, and the judgment below is therefore affirmed.