## COWDERY *v.* SMITH.

### *Evidence. Sheriff.*

In case against a sheriff for default of his deputy in not levying an execution, it is competent for the defendant to show by the deputy what instructions the deputy received from the complaining party or his attorney as to serving the execution, and what he did in obedience to such instructions.

It is no part of an officer's official duty to obtain an alias execution in cases where he has the original in his hands for collection. Thus, where a deputy sheriff in whose hands an original execution had been placed in season to charge property attached on the writ, attempted but negligently failed to procure an alias execution within the life of the original, *held,* that whatever obligation the deputy assumed by undertaking such service, was personal and not official, and that the sheriff was not liable for such neglect.

CASE against a sheriff for the neglect of his deputy to levy an execution. Plea, the general issue, and trial by the court, December Term, 1876, Caledonia County, Ross, J., presiding.

The first count of the declaration alleged the issuing of a writ of attachment against A. A. Jerauld, the placing of the same in the hands of Charles F. Weeks, then deputy of the defendant, who was sheriff of Caledonia County, the service of the same by attachment of four sewing machines and fifty hats as the property of said Jerauld, the procurement of judgment for $106 damages, and $5.14 costs, the issuing of execution and the placing of it in the hands of said Weeks to be levied; and averred that the plaintiff gave said Weeks instructions to levy said execution, or any alias legally issued, on goods attached; and that although said Weeks was bound to levy said execution in its life, and although the parties took out an alias, yet, that said Weeks neglected and refused to levy said execution, and neglected to take out an alias within the life of the original, but lost all of the goods so attached, whereby, &c. The second count alleged that said Weeks permitted said execution to expire without procuring it, and the legal charges thereon, to be satisfied, and permitted said property to go out of his hands, whereby, &c.

At the time the judgment was rendered against Jerauld, and the execution placed in Weeks's hands, the plaintiff told Weeks he wanted he should collect it as soon as he could. But it was then rumored that Jerauld was going into bankruptcy; and the plaintiff and his attorney and Weeks then understood that unless Weeks could hold the goods on execution sixty days before Jerauld should be adjudged bankrupt, the goods could not be held, though taken and sold on the execution; and it was mutually understood that Weeks should hold the goods without sale till the sixty days expired, and Weeks acted on that understanding. Jerauld was adjudged a bankrupt within a few days after the expiration of the sixty days. Weeks then turned over the goods attached to the assignee. The plaintiff proved his claim as a secured claim, but it was subsequently cut down to a common claim, because the levy under the original execution was not kept on foot by the taking out of an alias before the expiration of the original.

Weeks was allowed to testify against the plaintiff's objection that he returned the original execution to the justice a day or two before it expired, and asked for an alias; that the justice was sick, and told him that he was not then able to write out an alias, but that he was better at times, and would do so as soon as he was able; and that he left the original execution with the justice, but did not receive the alias for nearly a week after the original expired, though he called once or twice for it; and that during the intervening period, Jerauld was adjudged a bankrupt. To the admission of his testimony the plaintiff excepted. The court found the above facts, except as to the time Jerauld was adjudged a bankrupt, solely on Weeks's testimony, and without it would have found that he was in default in returning the original execution. It did not appear that Weeks said anything to the plaintiff or his attorney about the justice's inability to fill out an alias execution; and the justice was able at any time to sign his name to an alias if it had been filled out for him. It appeared that Weeks charged the plaintiff $2.25 for advertising and keeping the property, and presented the plaintiff a bill for that sum. Weeks, during all the time he had the original execution, had in his pos-

session more than goods enough belonging to Jerauld to satisfy said execution.

Weeks's return on the alias execution was in these words : " I return this execution not satisfied, because the bankrupt court directed me not to dispose of the defendant's goods."

On the foregoing facts the court rendered judgment for the defendant for his costs ; to which the plaintiff excepted.

*Elisha May*, for the plaintiff.

The testimony of Weeks was inadmissible. 1 Greenl. Ev. s. 20 ; 2 Tyl. 177.

His return was conclusive. *Sheldon* v. *Paine*, 10 N. Y. 398 ; 2 Hilliard Torts, 205, 212 ; *Barrett* v. *Copeland*, 18 Vt. 67 ; *White River Bank* v. *Downer*, 29 Vt. 332.

Weeks's duty did not end with the return of the original execution. He was bound to sell the goods, or to keep good the plaintiff's lien by taking out an alias execution in the life of the original execution. *Sawyer* v. *Middletown*, 10 Vt. 237 ; *Mason* v. *Ide*, 30 Vt. 697 ; 7 Mass. 254 ; 9 Mass. 269 ; 12 Pick. 202. It is true that an officer's ordinary legal duty may be changed by special instructions from the creditor ; but here were no instructions absolving him from his duty to preserve the lien. 2 Hilliard Torts, 246 ; *Sheldon* v. *Paine*, 6 Seld. 398, *per* RUGGLES, C. J.

*Belden & Ide*, for the defendant.

Weeks was properly allowed to testify. His testimony had a tendency to show that his failure to take out an alias in due season was not due to his negligence.

So far as Weeks acted on an agreement between himself and the plaintiff, he would not be held liable. *Fletchers* v. *Bradley*, 12 Vt. 22 ; *Downer* v. *Bowen*, 12 Vt. 45 ; *Strongs* v. *Bradley*, 13 Vt. 9 ; *Strongs* v. *Bradley*, 14 Vt. 55 ; *Kimball* v. *Perry*, 15 Vt. 414 ; *Willard* v. *Goodrich*, 31 Vt. 597 ; *Patterson Bank* v. *Hamilton*, 1 Greenl. 159 ; *Leroy* v. *Bennett*, 1 Greenl. 341 ; *Scott* v. *Dow*, 2 Greenl. 259. Weeks held the goods sixty days after the issuing of the execution, by reason of an understanding to that effect. Therefore no recovery can be had.

No recovery can be had on the declaration. There is in the first count no allegation that it was the duty of Weeks to take out an alias, nor that he was directed so to do. Besides, it is alleged that the parties, which can refer only to the plaintiff, had taken out one. The second count is for a failure to levy the original execution.

No recovery can be had for the surrender of the goods to the assignee. The assignee had the right to take the goods and sell them. *Samson* v. *Burton*, 4 B. R. 1; *Samson* v. *Clark*, 6 B. R. 403; Bump Bankr. 200, 205, 501; *Arnold* v. *Town of Royalton*, not reported, Supreme Court, General Term, 1876.

But the plaintiff assumed to control the matter. He thereby made Weeks his agent, and relieved the defendant of responsibility in the matter. The plaintiff also ratified the transaction of his agent by going into the Court of Bankruptcy, and proving his claim as a secured claim.

Whether Weeks was guilty of negligence was a question of fact. The finding of the County Court thereon is conclusive. *Roberts, admr.* v. *Welch*, 46 Vt. 168.

But under the facts no recovery can be had in any event against the defendant, however the matter might stand in a suit against Weeks. As the defendant's deputy, it would have been Weeks's duty to levy immediately on the receipt of the original execution. He would thus have sold the goods long before that execution expired, had not the plaintiff interfered. *Strongs* v. *Bradley*, 14 Vt. 55, 61; *Willard* v. *Goodrich*, 31 Vt. 597; *Stevens* v. *Colby*, 46 N. Y. 163; *Corning* v. *Southerland*, 3 Hill, 552; *Samuel* v. *Commonwealth*, 6 Mass. 173; *Durrance* v. *Commonwealth*, 13 Penn. 60; *Acker* v. *Ledyard*, 8 Barb. 514; *Gorham* v. *Hale*, 6 Conn. 467.

It is no part of the officer's duty to take out executions, either original or alias, and no action can be sustained against him for not doing it. And if the deputy attempts voluntarily to perform the duties of the plaintiff and fails in that attempt, the sheriff cannot be held liable therefor. *Wood* v. *Firness*, 10 Eng. Law & Eq. 541; *Toby* v. *Leonard*, 15 Mass. 200.

The plaintiff was negligent and he cannot recover. *Palmer* v. *Gallop*, 12 Conn. 555.

The opinion of the court was delivered by

DUNTON, J. In cases like this it has always been held that it was competent for an officer to show what instructions he received from the complaining party or his attorney, as to serving a precept placed in his hands, and what he did in obedience to such instructions. *Downer* v. *Bowen*, 12 Vt. 452; *Ordway* v. *Bacon*, 14 Vt. 378; *Abbott* v. *Edgerton*, 30 Vt. 208. We, therefore, can see no valid objection to the testimony of Weeks. Although Weeks attempted to obtain an *alias* execution from the justice, but failed to do it in time to be of any avail to the plaintiff through negligence, yet as this was no part of his duty as deputy sheriff, and whatever obligation he assumed by undertaking this service was personal, not official, the defendant is not liable for such negligence. *Wood* v. *Firness*, 10 Eng. Law & Eq. 541; *Toby* v. *Leonard*, 15 Mass. 200.

Judgment affirmed.