Orange,
– *March*,
1842.

Ordway
*v.*
Bacon.

Moses Ordway *v.* Lament Bacon.

In an action against a sheriff for the default of his deputy in not taking bail, and for making a false return in a suit where the deputy returned that he had taken 'good and sufficient bail,' but no person's name was indorsed on the writ as bail, *it was held* that the deputy, having been duly released by the sheriff, was a competent witness to prove that when the writ was delivered to him for service, the plaintiff directed him not to take bail, and that such direction was a bar to the action.

Action on the case, against the defendant, as sheriff of Orange county, in two counts.

In the first count, the plaintiff alleged, substantially, that he prayed out a writ in his favor against Newell Ordway, and delivered it to Benjamin H. Adams, a deputy under the defendant, to serve and return ; that the said Adams served said writ by arresting the body of said Newell, and neglected either to commit him to jail or to take bail on the writ, but suffered him to go at large ; that the plaintiff recovered judgment in said suit against the said Newell, upon which an execution issued and was seasonably delivered to a legal officer, who, within its life, made a return that he could find neither the body nor estate of the said Newell whereof to levy said execution.

In the second count, the plaintiff set forth the return of said Adams, indorsed upon the writ against Newell Ordway, which is as follows :

' State of Vermont, ?     At Tunbridge in said county, this
' Orange county, ss. 5     third day of November, A. D. 1837.
' Then by virtue of this writ I arrested the body of the
' within named defendant, read the writ in his hearing and
' and have sufficient bail.

               ' Attest.     B. H. Adams, D. Sheriff.'

And the plaintiff alleged that said return was false in this ; that the said Adams did not arrest the body of said Newell, and did not take sufficient bail for his appearance, as, by law, he should have done ; and the plaintiff set forth the recovery of a judgment in the suit in his favor against said Newell and the issuing and return of an execution, as in the first count.

Plea, not guilty, with notice of special matter.

Issue to the court.

On the trial in the county court, the plaintiff having read in evidence the writ, judgment, execution and officer's returns in the suit in his favor against Newell Ordway, the defendant called the said Adams as a witness, he having been duly released by the defendant, to prove that when the plaintiff's writ against Newell Ordway was delivered to Adams for service, the plaintiff directed him not to attach property nor require bail of said Newell on said writ. The plaintiff objected to these facts being shown by said Adams, notwithstanding he was duly released from his liability to the defendant, but the court overruled the objection and admitted Adams to testify, and, from his testimony, said facts were proved.

It appeared that no person's name was indorsed upon the writ in favor of the plaintiff against said Newell, as bail. The county court rendered judgment for the defendant and the plaintiff excepted.

*W. Hebard*, for plaintiff.

Was Benjamin H. Adams properly admitted as a witness to contradict his own return?

1. We say he was not, because it was not proper to contradict the return made upon the writ against Newell Ordway by *parol testimony.* By looking at the return it will be seen that his testimony contradicted it, and by thus permitting him to be a witness, he was, by his own oath, allowed to contradict his own return, and furnish an excuse for his own negligence.

The return becomes a part of the record and can no more be contradicted by parol than any other part of the record.

If an officer is allowed to justify his own act by his own return, he certainly ought to be held liable when the return makes proof against him. Parol evidence is not admissible to prove that a deed, absolute upon the face of it, was given as a mortgage to secure a debt. *Reading* v. *Weston,* 3 Conn 117. *Burton* v. *Jones,* 3 Conn. 186.

2. To allow the deputy to contradict his return operates unjustly upon the plaintiff and as a surprise. The plaintiff sees the return upon the writ. He is not only at liberty, but he is bound to understand it as meaning just what it reads. And from that he judges of the amount of indemnity and

security which he already has for the judgment which he expects to recover against the defendant. "The law makes the sheriff a certifying officer of his own doings upon precepts which are put into his hands for service; therefore his return, as sheriff, *is conclusive* evidence against himself, and is *prima facie* evidence of the facts certified against third persons." *Hathaway* v. *Goodrich,* 5 Vt. R. 65. *Stanton* v. *Hodges,* 6 Vt. R. 64.

If his return is conclusive, it could not be contradicted by parol, or in any other way. The receiptor, when sued by the sheriff upon his receipt, cannot set up as a defence that the property, described in the receipt, was not attached and delivered to him. *Allen* v. *Butler et. al.* 9 Vt. R. 122.

If the judgment of the county court stand, the plaintiff loses his whole debt and cost,—and he loses it by the *false return* of the deputy.

3. Adams ought not to have been admitted to testify, because he was directly interested, notwithstanding the sheriff's discharge. The deputy is equally liable with the sheriff for the acts complained of, and the sheriff, of course, could not discharge him. Rev. Stat. p. 75, §21. *Hutchinson* v. *Parkhurst,* 1 Aikens' R. 258.

4. The directions, given to the deputy before service, do not vary his liability in case he does not follow those directions. In this case, the deputy arrested the body of Newell Ordway, and, by permitting him to go at large, without bail, made the sheriff liable as for a voluntary escape. *Pulver* v. *McIntyre,* 13 Johns. 503.

*W. Upham,* for defendant.

1. Benjamin H. Adams was properly admitted as a witness for defendant, in the court below. His interest in the event of the suit was removed by the defendant's release. The objection to the competency of a witness, on the ground of interest, is always removed by an extinguishment of that interest, by means of a release, executed either by the witness himself, or by those who would have a claim upon him, or by payment. 2 Starkie's Ev. 758, 759, and cases there cited. *Yuran* v. *Randolph,* 6 Vt. R. 369. *Jewett* v. *Adams,* 8 Greenlf. R. 30. The case last cited was an action against the sheriff for the neglect of his deputy, and the deputy

himself, after being properly released, was adjudged a competent witness for the defendant.

2. Bail on mesne process can only be taken by the indorsement of the name of the surety on the back of the writ. Stat. p. 182, §23. The original writ against Newell Ordway shows that no bail was taken by Adams when he served it. He was called as a witness, therefore, to prove that when the writ was delivered to him, for service, he was directed not to require bail. He was not called upon to contradict his doings, as an officer, at the time he served the writ, but to show that he neglected to require an indorser of the writ, by the plaintiff's directions.

He did not return that he had taken any one, by name, as bail, or that any person had indorsed the writ as bail, but only that " he had taken sufficient bail."

The opinion of the court was delivered by

ROYCE, J.—This case is to be considered as if the defendant had personally made the service and return in question, since the statute has declared, that the official acts of a deputy sheriff shall be taken and deemed to be those of the sheriff himself. Two questions arise in the case as presented here : 1. Whether the defendant should have been permitted to prove the facts set up in defence ; and, 2. Whether Adams was a competent witness for that purpose, being first duly discharged by the defendant. As the gravamen of the first count in the declaration differs from that in the second, it is proper to examine these questions in reference to each count by itself.

The first count charges a neglect of official duty, in not taking bail of Newell Ordway, when it should have been required. The obligation of an officer to exact bail, upon the arrest of a party in a civil case, is an obligation imposed by law for the benefit of the plaintiff. But the process is so far under the plaintiff's control, that he is at liberty to waive that benefit. And whether he has waived it in any case, is necessarily a fact in pais to be determined by proof. It is a fact independent of what the officer may have actually done under the process, and therefore the proof of it is no contradiction of the officer's return. He may have taken bail, when he was under no obligation to the plaintiff in the pro-

cess to do so. Hence, though the return should be held conclusive against the officer that he had taken bail, or pretended to take it, it could not be conclusive that he was *bound* to take it. Here seems to lie the fallacy in the plaintiff's argument. It is assumed that the duty of the defendant to take bail cannot be controverted, because he has returned that he took bail. But this conclusion, though the duty may be forcibly implied from such a return, is not a necessary and indisputable one. The facts offered in defence might, therefore, well be shown, at least, under the first count in the declaration.

It may be regarded as settled, law in this state, that, for neglect of official duty in any of the sheriff department, the sheriff is the the only person liable to the party injured by such neglect. This was fully decided in the case of *Hutchinson* v. *Parkhurst*, 1 Aik. 258, and has never been since questioned. By this rule. Adams, the deputy, was not liable to the present plaintiff for his alleged neglect in not taking bail, but liable only to his principal, the defendant. He was therefore rendered a competent witness by the defendant's release.

The defence will now be shortly considered with reference to the second count in the declaration, which alleges a false return that bail had been taken. It is manifest that the facts, established in answer to the first count, must go far to disprove any substantial ground of complaint upon the second. For if the plaintiff had fully dispensed with the advantage of bail upon his writ, and even directed it not to be required, a false return, that bail had nevertheless been taken, would not be likely to disappoint or deceive him to his prejudice. Had bail been actually taken, it might have proved a benefit, but a benefit which he had previously waived, and which he had, therefore, no right to require or expect. He can only complain that the return had a tendency to inspire a false security, by creating a reliance upon bail which did not exist. But such a pretence can scarcely have any foundation in reason or fact. The return did not state that any one by name had become bail, or that any one had *indorsed the writ* as bail ; but only that the officer had " taken sufficient bail." And as the writ itself furnished evidence that no legal bail had been taken, (for the name of no person was

indorsed upon it) the plaintiff could have had little difficulty in understanding the return, if he kept in mind his previous directions to the officer. He should—have inferred that something short of legal bail, under the statute, was intended; and whether this was the promise of Newell Ordway that he would duly appear in the suit, or something else, it is not material to inquire.