Hutchinson et al. *v.* Lull.

ORAMEL HUTCHINSON AND HENRY E. STOUGHTON *v.* JOEL LULL.

Where a creditor puts a writ of attachment against his debtor into the hands of a sheriff, and directs the sheriff to attach certain property as the property of the debtor, and tenders to him a suitable bond of indemnity for so doing, and the sheriff refuses to attach the property, the creditor cannot sustain an action against the sheriff for such refusal, if the property which the sheriff was directed to attach was in fact the property of a person other than the debtor.

In such case the real owner of the property is a competent witness for the sheriff, in a suit brought against him by the creditor for such refusal.

In an action against a sheriff, for the default of his deputy, a release from the sheriff to the deputy of all liability on account of such default will render the deputy a competent witness for the sheriff ; and, if the sheriff have received an indemnity from a third person for giving such release, a release from such third person to the deputy of all liability to him will render the deputy a competent witness for the sheriff.

TRESPASS ON THE CASE against the defendant, as sheriff of Windsor County, for the default of his deputy, Ephraim Ingraham, Jr., in not attaching certain property, which he was directed by the plaintiffs to attach, as the property of one John H. Leland, on a writ of attachment in their favor against said Leland. Plea, the general issue, and trial by jury.

On trial the plaintiffs gave evidence tending to prove that the said Leland had, for some time previous to the time in question, had possession of certain stage property, using it as his own ; that, while it was thus in his possession, the defendant's deputy, Ingraham, attached the property, as Leland's, and took it into his possession ; and that, while he thus retained it, the plaintiffs put into his hands a writ of attachment in their favor against Leland, and directed him to attach the same property thereon, as the property of Leland, and gave him a good and sufficient bond of indemnity for so doing ; but that Ingraham refused to attach said property, and permitted the same to go out of his possession, whereby the plaintiffs lost the collection of their debt.

The defendant introduced evidence tending to prove that the property in question was, at that time, the sole property of one Aaron P. Leland, and that John H. Leland had no attachable interest therein, and, among other testimony to this point, offered the said Aaron P. Leland as a witness; the plaintiffs objected to his admission, but the objection was overruled by the court.

The defendant also offered the said Ingraham as a witness,—to whose admission the plaintiffs objected. The defendant then gave in evidence a release from himself to Ingraham of all liability on account of this suit, a writing of indemnity from Nathaniel Fuller-

ton to the defendant for executing such release, and a release from Fullerton to Ingraham of all claim against him on account of having executed such indemnity. The court thereupon admitted said Ingraham as a witness.

The plaintiffs requested the court to instruct the jury, that, even if they were satisfied that John H. Leland had no attachable interest in the property at the time Ingraham was ordered to attach it, yet that the defendant was liable for the plaintiffs' whole debt, if Ingraham refused to attach the property after an indemnity, to which no objection was made, had been offered to him ; and that, at all events, the plaintiffs were entitled to recover nominal damages.

The court refused so to instruct the jury, but did instruct them, that, if, at the time aforesaid, John H. Leland had no attachable interest in the property, they should return a verdict for the defendant.

A verdict was returned for the defendant. Exceptions by plaintiffs.

*O. Hutchinson* for plaintiffs.

1.　We insist, that, on the evidence presented to the jury, they should have been instructed, as requested, to return a verdict for the plaintiff for the whole amount of his debt, which was lost by the deputy's neglect. Rev. St. p. 75, § 21, p. 239 §§ 3, 10. *Gardner* v. *Hosmer,* 6 Mass. 325. *Simmons* v. *Bradford,* 15 Mass. 82. *Heppel* v. *King,* 7 T. R. 370. *Orton* v. *Vincent,* Cowp. 71. *Bowen et al.* v. *Huntington,* 3 Conn. 423. *Ackley* v. *Chester,* 5 Day 221. *Watson* v. *Watson,* 9 Conn. 140. *Williams* v. *Lowndes,* 1 Hall 579. 8 Johns. 185. *King* v. *Baker et al.,* 1 H. Bl. 543. 2 Aik. 72. 1 Coxe's Rep. 277. *Hamilton* v. *Marsh,* 2 Tyl. 403.

2.　The court below should, at least, have instructed the jury, as requested, on the question of *nominal damages. Marzetti* v. *Williams et al.,* 20 E. C. L. 412. *Bayliss* v. *Fisher,* Ib. 82. *Clarke* v. *Smith,* 10 Conn. 1. 10 Mass. 470. 2 T. R. 129. 3 Stark. Ev. 1341. 2 Wils. 414–422.

3.　Ingraham was improperly admitted as a witness.

4.　Aaron P. Leland was also improperly admitted as a witness. He, being the claimant of the property, must of course have been

the plaintiff in a suit to try title to the property, had it been attached; and the issue in this case can be tried only on the same evidence which would have been legally admissible in that suit.

*D. Kellogg* and *L. Adams* for defendant.

The verdict in this cause has settled the fact that John H. Leland had no attachable interest in the property, at the time the defendant was requested to attach it on the plaintiff's writ against Leland; yet the plaintiffs contend that they are entitled to recover either the whole amount of their debt against Leland, or nominal damages. This ground, taken by the plaintiffs, cannot be sustained. *Cilley* v. *Jenness*, 2 N. H. Rep. 87. *Cooper* v. *Chitty*, 1 Burr. 20. *Crossley* v. *Arkwright*, 2 T. R. 604. *Fuller* v. *Holden*, 4 Mass. 498. 1 Swift's Dig. 590. *Alexander* v. *Macauley*, 4 T. R. 610. *State* v. *Miller*, 12 Vt. 442. *Sawyer* v. *Whittier*, 2 N. H. Rep. 315. *Ordway* v. *Bacon*, 14 Vt. 378. 8 Vt. 151. 4. Vt. 558.

The opinion of the court was delivered by

ROYCE, J. The witness Ingraham was rendered competent, by the discharges produced at the trial. *Ordway* v. *Bacon*, 14 Vt. 378. And it is not perceived that any valid objection existed to the witness Leland. The officer saw fit to respect the claim of this witness to the property, and declined to attach it as the property of John H. Leland. The witness was therefore as free from all legal interest in the present controversy, as if no such attachment had ever been thought of.

The remaining question is, whether the officer was under a legal obligation, upon being tendered a sufficient indemnity, to proceed and attach the property as belonging to John H. Leland. That it may become the duty of an officer to levy upon or attach property in cases of doubtful ownership, is implied, if not expressly declared in the 3d and 10th sections of the act relating to the levy of executions. The former section directs the officer to levy on the goods and chattels of the debtor, "or such as shall be shown him by the creditor." And it is provided in the latter section, that, in cases of reasonable doubt as to the ownership of the property, or its liability to be taken, the officer may require an indemnity; and if that is not

Hutchinson et al. *v*. Lull.

furnished in reasonable time, he may refuse to proceed, and may release the property ; implying, that if the indemnity is furnished he ought to proceed.   But the law cannot design to countenance the execution of process against one person, upon property actually and exclusively belonging to another.   It is no less the object of the law to protect persons in general in the enjoyment of their property, than to subject that of a debtor to the process of his creditors. These statutory provisions are, therefore, only applicable to cases of honest doubt as to the true ownership.   And even then, the creditor must have been able, upon the facts existing at the time, to defend the execution of the process, or he can have no remedy against the officer for refusing to execute it.   In such a case the officer will refuse to act at his peril, but he cannot legally be required to commit a trespass.   Now the charge requested of the judge would have involved an admission that John H. Leland had no attachable interest in the property, and yet have subjected the officer to damages for refusing to attach it as his.   We think the judge would have manifestly erred in acceding to the request.

Judgment affirmed.