# WINDSOR COUNTY,

---

Titus Hutchinson, Administrator of John Clark, *v.* John Pettes.

Although an attorney has a lien, for his costs, upon a judgment recovered by him in favor of *his* client, yet he has no such lien, as will bind the opposite party, upon the suit and cause of action, previous to final judgment being recovered.

Although an attorney has sometimes been permitted to prosecute a suit, after it has been settled by his client before judgment, where it has been made to appear, that the settlement was collusive and made with intent to defeat the attorney's lien, yet this exception has never been extended beyond the case of a suit for the collection of a debt, and usually an undisputed debt; and courts have expressly refused to extend it to contested actions, sounding in tort, especially when the damages claimed were unliquidated.

A release by a sheriff to his deputy, for a default, releases the surety of the deputy. Consequently, in a suit against the sheriff for the default, the deputy, after receiving such release, is a competent witness for the sheriff, notwithstanding he may not have received a release from the person who is surety for him to the sheriff.

But if it appear, when the deputy is offered as a witness in such case, that he has thus far defended the suit, and that he has employed attorneys, and is still holden to pay them, this will render him an incompetent witness; for his attorneys, if judgment is recovered against the plaintiff, will have a lien upon that judgment for their fees, and the deputy would thus be relieved, *pro tanto*, upon his liability to them.

Trespass on the Case against the defendant, as sheriff, for default in serving a writ of *audita querela*. The plaintiff alleged, in his declaration, that the intestate, Clark, in August, 1837, sued out a writ of *audita querela* against the National Hydraulic Company, and delivered it to the defendant to serve; that the defendant made a defective service, and the company pleaded the same in abatement, and judgment was ultimately rendered, by the Supreme Court, that the writ abate; whereby Clark was compelled to pay to

the defendants in that suit a large bill of cost, and was also compelled to lose the benefit of his writ of *audita querela* and a large amount of costs and disbursements upon his part in the case.

The defendant pleaded the general issue, and also pleaded. *puis darrein continuance*, at the November term, 1841, a release of the cause of action by Clark, executed subsequent to the then next preceding term of the court. The plaintiff replied, averring that Titus Hutchinson had been recognized for Clark for the prosecution of the writ of *audita querela*, and had been compelled to pay the amount of his recognizance,—Clark being wholly insolvent; that Oramel Hutchinson was attorney for Clark in that suit, and rendered services and made disbursements to a large amount; that Sewall Fullam also rendered services for Clark, as counsel in the case ; and that these persons had a right to use the name of Clark in prosecuting this suit for their own benefit, both by reason of their lien, implied by law, and by reason of an assignment of the cause of action, averred to have been executed to them by Clark prior to the commencement of this suit, and of which it was averred the defendant had notice previous to the execution of the release set forth in his plea. Upon the fact of assignment and notice issue was joined. Trial by jury,—HEBARD, J., presiding.

On trial the plaintiff gave evidence, tending to prove that the writ of *audita querela* mentioned in his declaration, was delivered to Ephraim Ingraham, Jr., a deputy of the defendant, to serve; that in consequence of the abatement of the writ, by the supreme court, on account of the defective service made by Ingraham, Clark lost the benefit of a judgment which he recovered in the case in the county court and was compelled to pay the costs of the defendants in that case ; and that Clark was then wholly irresponsible, and unable to pay his attorneys their fees, or to pay to them the amount of the costs recovered by the defendants in that suit, which the attorneys of Clark were compelled to pay, by reason of their having entered into a recognizance for him in the case.

The defendant offered Ingraham as a witness, to prove that he had instructions from the attorney of Clark to serve the writ of *audita querela* as he did in fact serve it. The plaintiff objected to his admission; whereupon the witness produced a release from the defendant to himself, releasing him from all liability on account of the

default alleged in this case. The witness also testified, on inquiry, that one Fullerton was surety for him to the defendant, and that he had received no discharge from Fullerton; and also testified farther, that he employed the counsel, who were defending this suit, and that be was holden to pay them. The court thereupon admitted the witness.

Testimony was introduced, on the part of the plaintiff, tending to show that Clark assigned the claim now in suit to his attorneys and bail in the *audita querela,* previous to the execution of the release by Clark, set forth by the defendant in his plea in bar; and the plaintiff also insisted, that the lien of the attorneys in that case upon the cause of action now in suit rendered the discharge by Clark inoperative to defeat this action. But the court instructed the jury, that the attorneys in that case had no such lien as would prevent the release from Clark to the defendant from constituting a full defence to this action.

Verdict for defendant. Exceptions by plaintiff.

*T. Hutchinson, pro se.*

1. The plaintiff contends, that the court erred in admitting Ingraham as a witness. Before the discharge from Pettes he had the whole risk and burden of the defence. He employed the counsel, who defended the case, and now stands holden to pay them. If the defence succeeds, the cost recoverable, on which the counsel have a lien, will operate so far to pay the counsel and relieve the witness. And he has no discharge from Fullerton, his surety to Pettes.

2. The plaintiff claims, that the counsel of Clark, in the former suit, have a lien against him for all the money, sought to be recovered in this suit, upon two grounds. 1. That they earned all that was earned and paid out all that was paid out. 2. Clark, for the reason that this debt was due to his counsel and he was unable to pay them, expressly transferred the whole claim to them, and the defendant was notified of this before he obtained his release from Clark. The argument, that the attornys could have no lien upon the costs and expenditures in the first action, until judgment was recovered therefor, can have no place here; for judgment was recovered in that suit and the lien of counsel perfected, even according to that argument; and that judgment was vacated and lost by the very default of In-

graham, of which complaint is made in this action. But, as against Clark, the lien of counsel was perfect before jugdment and without judgment; and it was fraudulent for him to do any act, which would oppose, or defeat, that lien. As against the defendants in the original suit, Clark's counsel could have no lien, until a judgment was recovered; but if any remedy exists, or did exist, by which Clark could recover those expenditures from any quarter, the lien attaches and Clark cannot defeat it. 2 Stark. Ev. 883, 884. *Reed* v. *Dupper*, 6 T. R. 361. *Randle* v. *Fuller*, Ib. 457. *Hutchinson et al.* v. *Howard & Tr.*, 15 Vt. 544. 2 Kent 502. In England, if a man changes his attorney, whether with, or without, leave of court, he cannot procure his papers, to go on with his suit, until he has paid his first attorneys their fees. The attorney's lien is always good, as against his client, upon the judgment, upon the papers, before judgment, and upon the money, when collected, to the full amount of his fees and expenditures. The lien of an attorney will be protected, the same as that of an assignee of a *chose in action*. *Bratt* v. *Koon*, 4 Cow. 416. *Martin* v. *Hawkes*, 15 Johns. 405.

*L. Adams* for defendant.

1. Ingraham was a competent witness. *Ordway* v. *Bacon*, 14 Vt. 378. *Hutchinson et al.* v. *Lull*, 17 Vt. 133.

2. The attorneys had no lien. *Foote* v. *Tewksbury*, 2 Vt. 97.

The opinion of the court was delivered by

ROYCE, J. That the law gave the attorneys, or counsel, of Clark, the plaintiff's intestate, a lien on his judgment against the Hydraulic Company, while the same remained in force, admits of no doubt. But that judgment was reversed upon the plea in abatement, originally interposed by the company, and Clark was left with a right of action against this defendant, for making defective service of the writ against the company. That right of action is asserted in the present suit; and the question is, whether a lien upon the suit and cause of action, was implied, by law, in favor of the attorneys, while the action was pending in court, undecided.

We have no occasion to determine the extent of lien, if any, which may have existed as between attorney and client merely, because the lien must appear to be such, in this instance, as, in law, would bind
78

the opposite party. And we are of opinion that no such lien existed. A party has generally the right, independent of his attorney, or counsel, to control and compromise his suit, until final judgment is obtained. *Chapman* v. *How*, 1 Taunt. 341. *Foote* v. *Tewksbury*, 2 Vt. 99. There is a wide difference between the attorney's lien upon the suit and cause of action, which, at most, is but contingent and imperfect until judgment recovered, and that upon his *client's* papers. The latter does not affect the opposite party, and may be enforced by retaining the papers, however the suit may have terminated. 2 Kent 640. *Lambert* v. *Buckmaster*, 2 B. & C. 616.

It is true, that the attorney is sometimes permitted to prosecute the suit, for the sole purpose of perfecting and enforcing his lien, when it is made to appear, that a compromise by his client has been collusive, with intent to defeat the lien, and not for the single and *bona fide* purpose of settling a litigated claim. *Swain* v. *Senate*, 5 B. & P. 99. *Nelson* v. *Wilson*, 6 Bing. 568. And it is urged, that, as notice of the asserted lien was given to the defendant before he received the discharge from Clark, an inference of such collusion should be drawn in this case, and the discharge adjudged inoperative, as against the claims of the attorneys. But this exception to the general power of a party to settle his pending suit has never, as I can find, been extended beyond the case of a suit for the collection of a debt, and usually an undisputed debt. Courts have expressly refused to extend it to contested actions, sounding in tort, especially, when the damages claimed were unliquidated. *Foote* v. *Tewksbury*, above cited. 1 B. & Ad. 660.

As to the alleged assignment from Clark to his counsel, it will be sufficient to remark, that the replication alleges, that the defendant was notified of the assignment, before he took the release. This the rejoinder denies; and the exceptions do not state, that any such notice was conceded, or proved, or that any evidence, given on the trial, tended to prove it. Nor is any question distinctly reserved in reference to the assignment.

The only remaining question regards the competency of Ingraham, as a witness for the defendant. Had his interest in the suit depended merely upon his obligation to indemnify the defendant, he would have been rendered competent by the discharge which was produced. *Ordway* v. *Bacon*, 14 Vt. 378. *Hutchinson & al.* v.

*Lull*, 17 Vt. 133. It would seem that he needed no release from his own surety, Fullerton, since the discharge given would doubtless protect Fullerton against the defendant. But he admitted, on oath, that he had thus far defended the suit, had employed the counsel, and was holden to see them paid. The truth of this was not controverted. And hence he still had an apparent interest in the event of the suit, as the counsel would acquire a lien upon any judgment for costs, which might be recovered against the plaintiff, and the witness would be relieved, *pro tanto*, upon his liability to them. His admission as a witness for the defendant, under such circumstances, was therefore errroneous, and for this cause the judgment below is reversed.