## A. B. James *v.* W. B. Thompson—Rule on P. Labarre, Sheriff.

The Sheriff may, in the exercise of a sound discretion, levy an execution on property apparently belonging to a third person, when he has good reason to believe that the property is held for the purpose of sheltering it from the legal pursuit of the creditors of the debtor in execution, but he renders himself liable for damages if he seizes any other property than that of the defendant in execution.

A bond of indemnity tendered to the Sheriff, neither lessens nor adds anything to his obligations or duties, nor will it justify him in making an illegal seizure.

The mere failure of the Sheriff to make a return of the execution within the legal delay will not subject him to the payment of the amount specified in the writ, if circumstances are shown to excuse his failure.

APPEAL from the District Court of Jefferson, *Burthe,* J.

*W. J. Vason,* for plaintiff and appellant. *Purvis & Dugué,* for defendant.

Voorhies J. The plaintiff seeks to make *P. Labarre,* Sheriff of the parish of Jefferson, liable to him, under the Act of 1826, for the full amount specified in the writ of *fieri facias* directed to him in this case, on the ground of his failure to make the return within the legal delay. The motion applies to both the original and alias writs of *fieri facias* which had been issued.

The following letter in relation to the first writ was addressed to the Sheriff by the plaintiff's attorney :

"*A. B. James* v. *W. W. Thompson.*

To the Sheriff in and for the parish of Jefferson,

Sir—In the event that the defendant does not pay to you the amount of the execution in this case, upon demand made by you, nor point out sufficient property to satisfy the same, I am authorized by the plaintiff to direct you to levy the execution upon the house and lot in which the defendant with his family resides, situated in Rickerville, fronting the Carrollton Railroad, and advertise the same for sale. Should you wish a bond of indemnity, the plaintiff will give you one upon being obliged to do so by you.

Respectfully, &c.,

W. J. VASON,

Attorney for plaintiff."

New Orleans, 17*th July,* 1855.

The writ to which this letter refers, was returned on the 29th of January, 1856, the same day on which the alias was issued. Both writs were returned after the expiration of the legal delay, *nulla bona,* by *J. C. Wilson,* as Deputy Sheriff.

The Deputy testifies that he called on the plaintiff's attorney to point out the property of the defendant in execution, and that he did not seize the property described, because he was satisfied, after having examined the books of the conveyance office, that it did not belong to the defendant *Thompson,* and so informed *Mr. Vason.* He further states, that in a consultation between *Mr. Vason* and the Sheriff, he heard the latter positively decline to seize the property.

The Sheriff's return on the alias writ is as follows, to wit: "No money, no property found, after search and demand."

The insolvency of the defendant *Thompson*, we think, may be fairly inferred from the evidence.

There is an admission in the record, that the Sheriff promised, on receiving the alias writ, that he would levy it on the property, but, that he afterwards refused to do so on the advice of *Messrs. Purvis & Dugué.*

The title to the property in question appears to have been vested in *Irma Delavillebeuvre,* wife of *Theodore Rion,* by virtue of a donation, *inter vivos,* made to her by her brother, *Jean Ursin Delavillebeuvre,* on the 20th of December, 1850.

The Sheriff, in the exercise of a sound discretion, may, undoubtedly, in certain cases levy an execution on property apparently belonging to a third person, where he has good reasons to believe that such property is held for the purpose of sheltering it from the legal pursuit of the creditors of the debtor in execution. But, in making such levy, he must necessarily take upon himself whatever consequences may flow from it, he cannot, it is clear, except at his peril, seize any other property than that of the defendant in execution. Hence it follows, that a bond of indemnity can neither lessen nor add anything to the obligations or duties which the law imposes on him, nor will it justify him in making an illegal seizure.

In the case of *Lay* v. *Boyce,* 3 A. 622, where the Sheriff was also sought to be made liable to the plaintiff, under the Act of 1826, it was held, that that Act did not impose upon the Sheriff the payment of the amount specified in the writ of *fieri facias,* as a penalty for his mere failure to make the return within the legal delay; that, when he was sought to be rendered liable, under that Act, he might show any circumstances which would excuse him from the failure to return or execute the writ. This construction of the Act has already received our concurrence. (See the case of *Miller* v. *Roy,* 10 A. 744.) The reënactment of that statute subsequent to the decision of the case of *Lay* v. *Boyce* without any change in its provisions, affords, we think, a sufficient indication of the concurrence of the legislative will in the construction thus given to it. Session Acts of 1855, p. 477.

We are of opinion, that the proof in this case is insufficient to hold the Sheriff liable under the statute.

It is, therefore, ordered, that the judgment of the court below be affirmed, with costs.