J. M. NANCE V. H. E. BARBER AND I. N. JACKSON.

No. 791.

1. **Sale of Stock Cattle—Record of Bill of Sale.**—Article 4562 of the Revised Statutes regulating sales of stock is limited to the transfer of live stock as they run in the range, by the sale and delivery of the brands and marks.

2. **Same—Case in Judgment.**—T. N. Nance owned a stock of cattle in Llano County; the greater part of it he removed to Hays County and placed in a pasture. These he sold to the plaintiff, designating them as 116 head bearing certain brands and various marks. The bills of sale do not purport to convey all the cattle owned by T. N. Nance in the designated brands, but convey a specified number of such cattle. *Held*, that although the bills of sale were not recorded, they passed title in the stock to the purchaser.

3. **Issue of Fraud One for Jury.**—There being evidence tending to show that the transfer to plaintiff was made with intent to defraud creditors, it was the duty of the court to submit such issue to the jury. It was error in the court to instruct that the transfer was void.

4. **Levy of Attachment After Return Day.**—A levy of an attachment after its return day is void, and can create no lien upon the property seized.

ERROR from Hays. Tried below before Hon. H. TEICHMUELLER.

*S. Fisher* and *Walton, Hill & Walton,* for plaintiff in error.—The court erred in instructing the jury in this case on the facts in evidence to find a verdict for defendants, and against the plaintiff J. M. Nance; because: 1. The court assumes in its charge that the sale of the cattle (involved in the suit) from T. N. Nance to J. M. Nance was a sale on the range, when in truth the sale was not a sale on the range, but a sale in pasture. 2. The court assumes there was no delivery of said cattle; whereas there was a change of actual possession on the execution of the bill of sale, viz: Before and at the time of the execution of the transfer from T. N. to J. M. Nance, W. J. Good actually held in possession, in his inclosed pasture, the said cattle for T. N. Nance, and immediately on the execution and delivery of said transfer to J. M. Nance by T. N. Nance for said cattle, the said W. J. Good, eo instanti, became the actual possessor thereof for said J. M. Nance, as bailee of said cattle. 3. There was an actual and not a range delivery of said cattle from T. N. to J. M. Nance, and therefore no need of a record of the transfer from T. N. Nance, the vendor, to J. M. Nance, the vendee. Rev. Stats., arts. 2293, 3138, 4564; Rev. Stats., Final Title, sec. 3; Black v. Vaughn, 70 Texas, 50; Higgins v. Rinker, 47 Texas, 398; Ellis v. Valentine, 65 Texas, 548; Allen v. Carpenter, 66 Texas, 139; Wise v. Old, 57 Texas, 514; Toland v. Smith, 39 Texas, 455.

*Hutchison & Franklin,* for defendants in error.—1. The conveyance from T. N. Nance to J. M. Nance of the cattle in controversy is void as to creditors of T. N. Nance; because (1) the cattle are conveyed

by marks and brands alone, as they ran on the range and as stock cattle, and the bill of sale for them was not recorded when the rights of defendant Jackson accrued; (2) said bill of sale contained no description of the cattle by which they could be identified, and the effect of same was only to give plaintiff the right to select 116 head of cattle, in certain marks and brands, from cattle owned in said marks and brands by T. N. Nance, and is therefore void as to the creditors of said T. N. Nance. Rev. Stats., arts. 4562, 4563, 4564; Black v. Vaughan, 70 Texas, 50; Cleveland v. Williams, 29 Texas, 212; 1 W. & W. C. C., sec. 499; Gunter v. Cobb, 82 Texas, 598.

2. If it be conceded that the above recited instruments were sufficient to convey said cattle to J. M. Nance, and that in the absence of any fraud tainting same the conveyance would be good as to creditors, yet inasmuch as the undisputed evidence in the case shows that the conveyance was made with the intent to hinder, delay, and defraud creditors by T. N. Nance, and that J. M. Nance had notice of such intention, and paid to T. N. Nance part of the consideration for such conveyance in money, therefore the conveyance was void as to creditors, and the court properly instructed the jury to render a verdict in favor of defendants. And as the instruction was correct, the reason given for the instruction is immaterial, and if wrong, does not require a reversal of the judgment of the lower court. Blum v. Simpson, 71 Texas, 628; Black v. Vaughan, 70 Texas, 47; Seligson v. Brown, 61 Texas, 180; Traylor v. Townsend, 61 Texas, 144.

KEY, ASSOCIATE JUSTICE.—Plaintiff in error J. M. Nance brought this suit against H. E. Barber and I. N. Jackson, defendants in error, to recover 116 head of cattle. The plaintiff claimed the cattle under a sale evidenced by the following written instruments:

"STATE OF TEXAS, }
"County of Hays. }

"Know all men by these presents, that I have this day sold to J. M. Nance one hundred and sixteen head of cattle of the following marks and brands: Brands $\overset{+}{A}$ and H X T, various marks; also four ponies, one brand L O N, one ♭, two ⌒15.⌐ The said cattle to be delivered on the 1st day of April next, and if any losses accrue I am to make it good to said J. M. Nance, and for said stock have this day received six hundred dollars cash, and the said J. M. Nance is to pay my note which the First National Bank of San Marcos holds against me, and J. M. Nance as security. The title to said cattle and ponies I warrant and defend against all lawful claims.

"This the 2nd day of January, 1886.

                                        "T. N. NANCE.

"Witnesses: W. S. NANCE, L. H. NANCE."

This instrument was acknowledged on the 25th day of January, 1886. On the back of said instrument appears the following:

"For and in consideration of the sum of one dollar to me in hand paid, in addition to the consideration expressed and received by me as set forth in the bill of sale written on the opposite side of this sheet of paper, of date the 2nd day of January, A. D. 1886, I do now transfer, set over, and deliver the cattle and ponies therein mentioned to the said Jere M. Nance, in full and perfect title and possession, and he has full authority and ownership over and to same now, instead of the 1st of April next, as stated in said contract or bill of sale, and I do acknowledge that the sum of $1200, as stated in said bill of sale, is full consideration received by me for sale of said cattle and ponies made January 2, 1886.

"Witness my hand this the 25th day of January, A. D. 1886.

"T. N. NANCE."

This instrument is likewise acknowledged on the 25th day of January, 1886, but neither it nor the one preceding it was ever recorded.

The defendant Jackson claimed title to the cattle through an execution sale made by the defendant Barber, as sheriff of Hays County, under an execution issued upon a judgment in favor of said Jackson and against T. N. Nance, who was a brother of the plaintiff, J. M. Nance. This execution issued January 26, 1886, and was levied on the cattle February 13, 1886.

The evidence also showed, that an attachment was issued in the suit of I. N. Jackson v. T. N. Nance on the 1st day of January, 1886, returnable on the 8th day of said month. This attachment was levied on the cattle in controversy on the 20th day of January, 1886. On the 18th day of January, 1886, the court in which the suit of I. N. Jackson v. T. N. Nance was pending, rendered judgment in personam against T. N. Nance for $1217.10. Upon this judgment the execution issued under which the sale was made, at which Jackson became the purchaser.

It was shown that the plaintiff paid T. N. Nance $600 at the time the first bill of sale above set out was executed, and that he subsequently paid the $600 note referred to in said bill of sale, and on which he was a surety.

It also appears from the testimony that T. N. Nance owned a small stock of cattle in Llano County; that in December, 1885, he moved from Llano to Hays County; that he carried with him 116 head of said cattle, and placed them in a pasture belonging to J. W. Good, in Hays County; that said pasture contained between five and six thousand acres of land, and that other stock besides those in question were therein.

Both T. N. Nance and the plaintiff testified, that on the 2nd day of January, 1886, the former sold to the latter the cattle so placed in the Good pasture; and the evidence tends to show that they bore the brands given in the bill of sale executed January 2, 1886, and above set out.

It was also shown, that T. N. Nance did not remove all of his stock of cattle to Hays County; and that he afterwards sold the remainder of them in Llano County as they ran on the range for $500, by selling the mark and brand.

In the sale from T. N. Nance to the plaintiff, the cattle were not separated from other stock and gathered together and turned over to the plaintiff; but it was agreed that he should take them as they were in the pasture, and that he, and not T. N. Nance, should pay for their pasturage from the time of the sale. To this latter agreement Good consented, and thereafter he collected pasturage for the said cattle from the plaintiff.

There was testimony tending to show that the sale from T. N. Nance to the plaintiff was in fraud of the rights of T. N. Nance's creditors, one of whom was the defendant Jackson.

*Opinion.*—The District Court held, that the sale from T. N. Nance to the plaintiff was within the purview of article 4564 of the Revised Statutes, and that, as the bill of sale was not recorded, the sale was void and conferred no title, and the jury were directed to return a verdict for the defendant.

The article referred to reads as follows: "Persons may dispose of stock animals of the kind mentioned in article 4562, as they run in the range, by the sale and delivery of the brands and marks; but in every such sale the purchaser, in order to acquire title thereto, shall have his conveyance or bill of sale of such stock recorded in the county clerk's office, in a book to be kept by him for that purpose, and such sale or transfer shall be noted on the record of original marks and brands in the name of the vendee or purchaser."

In sales covered by this statute, it can not be doubted that, in order for the purchaser to acquire title to the property, he must take a written conveyance and have the same duly recorded. But in our opinion the statute does not apply to the sale from T. N. Nance to the plaintiff. By its terms it is limited to the transfer of live stock as they run in the range, *by the sale and delivery of the brands and marks.*

This statute was first enacted in 1866. At that time, and even when the Revised Statutes were adopted, a considerable portion of the State was devoted almost exclusively to stockraising; individuals owned large numbers of live stock that were not kept in any inclosure, but ran at large upon the common, and were identified exclusively by the owner's mark and brand. It was a common practice then, and in some parts of the State may be at this time, for an owner of a stock

of horses or cattle to sell his entire stock—that is to say, all the animals that he owned running on the range, in a particular mark and brand. Such transactions were commonly known as and designated a sale of a mark and brand.

It is to these sales that the statute in question refers; and as it places restrictions upon the right of an owner to sell his property—one of the most valuable rights incident to ownership—we do not feel at liberty to extend its meaning to transactions that are not embraced within its terms.

In the present case, T. N. Nance owned a stock of cattle in Llano County; part of this stock—in fact, the greater part—he removed to Hays County and placed in a pasture; these he sold to plaintiff, designating them as 116 head, bearing certain brands and various marks. This was not a transfer by sale of brands and marks. The bills of sale do not purport to convey all the cattle owned by T. N. Nance in designated brands, but do convey a specified number of such cattle.

The concluding clause of article 4564, which requires the "sale or transfer to be noted on the record of marks and brands in the name of the vendee or purchaser," supports our construction of said article. No person can have but one brand and mark, which is required to be recorded; and it was intended by the clause above quoted that the record of brands and marks should, at all times, show to whom a brand and mark, once recorded, belonged.

It is also contended by plaintiff in error that the statute does not apply to the sale under consideration, because the animals were confined in a pasture.

As we hold, for the reasons above stated, that the sale does not come within the statute, it is unnecessary to determine whether or not the trial court was correct in holding that the cattle were running in the range, within the purview of the statute.

Defendants in error contend that, even if the court's construction of the statute was wrong, the charge directing a verdict for them was correct. This contention is based upon the proposition that the uncontradicted testimony clearly shows that the sale was made with intent to defraud creditors, and that the plaintiff had notice of such intent.

Without commenting upon the testimony on this branch of the case, and without intimating an opinion as to its sufficiency to support a finding that the sale was in fraud of creditors and with notice to plaintiff, we merely say that, in our opinion, the trial court was not authorized to withdraw that question from the jury and direct a verdict for the defendants.

Defendant Jackson acquired no right to the cattle by virtue of the levy under the attachment. The attachment was made returnable on the 8th day of January, 1886, and the levy thereunder was made on

the 20th day of the same month. At the time the levy was made the writ was functus officio, and conferred no authority to make it. Therefore, the levy created no lien and secured no right.

For the error indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*