WILLIAM JORDAN ET AL v. CHARLES N. HENDERSON ET AL.

Decided April 15, 1905.

**1.—Attachment—Levy of Writ After Return Day.**

A writ of attachment affords no justification for a seizure of goods thereunder by the sheriff after the return day of the writ.

**2.—Same—Indemnity Bond—Liability.**

Sureties on an indemnity bond to a sheriff are not liable for his act in levying a writ of attachment after its return day where they in no manner advised, directed or consented to such levy, or thereafter in any way ratified it or received any part of the proceeds derived from it.

Appeal from the County Court of Lynn. Tried below before Hon. W. L. Elliott.

*W. J. Arrington, Ernest Herrington* and *Theodore Mack,* for appellants.—1. A writ of attachment, after its return day, is functus officio, and the officer who makes a levy then by virtue of such a writ is a naked trespasser, and he alone is liable in damages for his acts Nance v. Barber, 26 S. W. Rep., 151; Illies v. Fitzgerald, 11 Texas, 417, 430; Tillman v. McDonough, 2 W. & W., sec. 53; Molette v. Hodges, 1 W. & W., secs. 398, 399; Davidson v. Hayden, 38 S. W. Rep., 679.

2. The sureties upon an indemnity bond given to a sheriff at the same time the writ of attachment is delivered to him, and before the

levy is made, and also before the writ upon its face is returnable, are not legally bound by said bond to said sheriff if no levy or sale is made under the said writ until after its return day.

*Jasper N. Haney,* for appellees.—1. The appellant indemnitors, Jordan, Gregory and Guest, as well as their principal, the First National Bank, and the appellee Doak (sheriff), are all and each of them liable as trespassers, directly, to appellee, for the actual damages in seizing and taking from his possession and converting the cattle, and the judgment herein should be affirmed. Unsel v. Sisk, 11 Texas Ct. Rep., 321; Cabell v. Shoe Co., 81 Texas, 104; 6 Waits, Act. and Def., 79, 89, 99.

2. The liability of the makers of the indemnity bond, which induced the sheriff to commit the trespass, is a different liability from that of the sureties on the sheriff's official bond, in that the former are liable directly to the injured party, as original trespassers, and, if there should be equity, recrimination, degrees of responsibility, or remedies as between such several trespassers, the same can not be urged against the injured party, who is without fault as to the trespass and damage, and each, or either, being properly sued, must respond for the acts of his joint tort feasor.

CONNER, Chief Justice.—This suit was instituted in the County Court of Lynn County on November 12, 1903, by the appellee, Charles N. Henderson, against his co-appellee Charles H. Doak, sheriff of Lynn County, and the First National Bank of Grinnell, Iowa, a nonresident corporation, for the conversion of certain cattle on November 5, 1903, the amount claimed as damages against the sheriff being $330, and against the bank the same sum, as actual damages, and the further sum of $50 exemplary damages. The action grew out of a levy of a writ of attachment by said sheriff, at the suit of said bank, against one R. A. Henderson, pending in a Justice Court of Stonewall County, Texas. Appellee Doak answered by general denial, and impleaded the appellants, William Jordan, Jesse Gregory and W. P. Guest, as sureties on an indemnity bond, and prayed for judgment over against them on their said undertaking. The bank made no answer. In answer, appellants alleged specially, in substance, that the conversion alleged, if any, was by said sheriff, by virtue of a writ of attachment, void by reason of its execution after the return day thereof; that the sureties had no notice of this, never authorized such void levy, and never ratified the same.

The jury trial, on August 13, 1904, resulted in a verdict and judgment in favor of appellee Charles N. Henderson against all of the other parties herein named for the sum of $133, as the value of the cattle converted, and in favor of appellee Doak, against the bank. and against appellants Jordan, Gregory and Guest, for said sum of $133, with the further sum of $50 attorneys' fees. The indemnitors alone appeal.

Appellants assign as error the refusal of the court to give the following special charge requested by them:

"Gentlemen of the Jury: You are instructed that, if you believe from the evidence that the writ of attachment was levied upon said cattle after the return day, then, and in that event, the levy was void, and a recovery for damages for seizure under a void writ can not be had

against the sureties on the indemnity bond. And if you believe that said writ was levied after the return day thereof, you will find for the defendants, William Jordan, Jesse Gregory and W. P. Guest."

We are of opinion not only that the special charge quoted should have been given, but also that the facts would have authorized a peremptory instruction in appellants' favor. It is undisputed that the writ of attachment pleaded by appellee Doak, as a justification for the levy upon appellee Henderson's cattle, was issued out of the Justice Court of Stonewall County in the suit of the bank against R. A. Henderson, on October 24, 1903, and that, by its terms, it was made returnable November 2, 1903; that, at the time of the issuance of this writ of attachment, the indemnity bond sued upon by Doak was executed by the appellants, and, together with the writ of attachment, was forwarded to and received by appellee Doak on the 2d day of November, 1903; that the cattle, for the value of which the recovery was had in this case, were levied upon by appellee Doak by virtue of this writ upon the 5th day of November, 1903; that thereafter, on November 14, an order of sale issued and the cattle were sold, and the money returned to the Justice Court of Stonewall County, and, by the attorney for the bank, was applied as a credit on the judgment of the bank against R. A. Henderson. It is also undisputed that appellants executed the indemnity bond, which was conditioned as such bonds usually are, as matter of mere accommodation to the bank; that after the execution of the bond they had no further notice or any knowledge of the levy of the writ, after the return day thereof, until after the institution of this suit; that they in no manner advised, directed or consented to the levy of the writ at the time it was levied; nor did appellants thereafter receive or participate in the proceeds of the sale, or in any manner ratify the unlawful levy.

It is well settled that process, such as here in question, affords no justification after the return day thereof. The sheriff, Doak, was a mere trespasser in his levy upon appellee Henderson's cattle for the debt of another, and, as such, without doubt, liable for the value of the cattle converted. Cases may be found where indemnitors have been held liable for a levy and conversion by virtue of process executed after return day, but they are cases where the circumstances authorize the conclusion that such indemnitors advised or directed the execution of the void process or ratified it after it was done. It is upon such ground alone that appellants could have been made liable to appellee Henderson, for the bond of indemnity was primarily for the security of the sheriff, in terms not made payable to appellee Henderson, and will not inure to his benefit. (Lacy v. Rollins, 74 Texas, 566; Frey v. Fort Worth & R. G. Ry. Co., 86 Texas, 465.) So that, under the circumstances of this case, it seems clear that appellants are not liable to appellee Henderson for the conversion shown. It seems equally clear that they also are not liable to appellee Doak. The tender of the indemnity bond imposed on the sheriff no duty not imposed by the law. An officer can not be legally required to commit a trespass. (Hutchinson v. Lull, 17 Vt., 133; Jones v. Thompson, 12 La. Ann., 174.) The sheriff, Doak, therefore executed the process in question at his peril. The request of appellants to be implied from the execution of the indemnity bond can not be construed as a request to execute the process after its return day. They, as well as the

sheriff, were entitled to whatever of legal justification valid process would afford, and, in the absence of participation in the trespass here involved, and of a ratification thereof, are free from all liability. The case we have been able to find most nearly in point is that of Dawson v. Baum, by the Supreme Court of Washington Territory, reported in the 19 Pacific Reporter, at page 46. It was there distinctly held that indemnitors, by merely signing the indemnity bond, are not made responsible for the torts committed by the sheriff in the execution or attempted execution of process in his hands. In the case of McDonald v. Fett (49 Cal., 354) it was held that the mere act of signing an attachment bond did not make a surety thereon liable as a trespasser for tortious acts of the sheriff in executing the process. (See, also, Illies v. Fitzgerald, 11 Texas, 417.)

Other questions suggested by the facts appearing of record will not be noticed, but we conclude that the judgment should be reversed and here rendered for appellants, not being disturbed as between appellee Henderson and appellee Doak.

*Reversed and rendered.*