**RONE et al. v. MARTI.    (No. 10033.)**

(Court of Civil Appeals of Texas.    Fort Worth.    Oct. 21, 1922.)

**1. Attachment ⬠200 — All judgment debtors should be parties to action to set aside foreclosure of attachment lien.**

In an action to set aside a foreclosure of an attachment lien issued on a judgment, all the parties against whom the judgment was rendered should be made parties to the action.

**2. Judgment ⬠457—All parties whose interests may be prejudiced should be parties to action to set aside judgment.**

Before a judgment can be set aside, all parties thereto whose interests may be prejudiced must be made parties to a proceeding to set the judgment aside.

**3. Attachment ⬠159½, New, Vol. 16A Key-No. Series—Levy made after return date of writ is void.**

Where the levy under a writ of attachment was not made until two days after the return date of the writ, the levy was absolutely void.

**4. Attachment ⬠200 — Judgment foreclosing void levy may be set aside at any time in any appropriate action.**

Where the levy under a writ of attachment was absolutely void, the decree foreclosing an attachment lien may be set aside at any time and in any appropriate action; hence the sustaining of a general demurrer in an action to set aside a foreclosure of an attachment lien was error.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by K. V. Rone and others against Jost Marti. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

R. C. Fuller and Wm. R. Booth, both of Fort Worth, for appellants.

John L. Poulter, of Fort Worth, for appellee.

CONNER, C. J. During the October, 1919, term of the Seventeenth district court of Tarrant county, the appellee, Jost Marti, recovered a judgment against K. V. Rone, A. W. Rone, and J. G. Willhoite for $667.50. The record discloses that the defendants were present contesting in the cause. The plaintiff, Marti, among other things, prayed for the issuance of such writs of sequestration, attachment, etc., as was appropriate to the relief sought, and it appears that, during the pendency of the cause, a writ, or writs, of attachment were applied for and caused to be issued to the sheriff of Nacogdoches county, commanding the levy upon any property of the defendant K. V. Rone that might be found in that county. As appears from the record, an attachment was levied, and the judgment in favor of Marti also foreclosed an attachment lien, and it was agreed that—

"an order of sale was issued on said judgment, directed to the sheriff of Nacagdoches county, Tex., and the land was levied upon, advertised and sold, and bought in by Jost Marti for the sum of $600, which is a credit on the judgment, and he paid the cost."

The proceeding now before us was instituted in the early part of 1921 by K. V. Rone, joined by L. B. Mast, R. M. Blackburn and N. W. Palmer, to set aside and annul that part of the judgment in favor of Marti which decreed the foreclosure of an attachment lien, in the same connection praying that the order of sale and the sheriff's deed made thereunder should be set aside and canceled, it being alleged that at a date named subsequent to the sheriff's sale referred to K. V. Rone had conveyed the land in question to L. B. Mast and R. M. Blackburn, who in turn conveyed it to Palmer, the present holder of that title.

The ground upon which the plaintiffs in the present proceedings sought, in part, to cancel the original judgment in Marti's favor and the sheriff's proceedings in the sale of the land is based upon allegations to the effect that the attachment writ, by virtue of which the land was sold, was issued on the 29th day of March, 1919, and by its terms made returnable to the district court of Tarrant county, issuing the writ, on the 7th day of April, 1919, which was the first day of the term of the court following the issuance of the writ; that said writ came into the hands of the sheriff of Nacogdoches on the first day

of April, 1919, and was not executed until on the 9th day of April, 1919, upon which day, and not before, the levy upon the land in question was made.

It was further alleged that the sheriff did not make his return upon the writ of attachment until the 10th day of April, 1919.

Marti appeared and pleaded, first, a general demurrer; second, special exceptions to the effect that A. W. Rone and J. G. Willhoite, parties to the judgment sought to be corrected, had not been made parties in this proceeding; third, a general denial; and, fourth, specially pleaded the regularity of the proceedings and the finality of the judgment in favor of Marti.

The record discloses that the trial court heard the evidence and all of the evidence offered by the parties, after which he sustained the defendant's demurrer and special exceptions above mentioned, and further entered a judgment in favor of Marti upon the merits of the case. The opposing parties have appealed.

Appellants complain of the court's ruling upon the demurrer and of the judgment as being contrary to the law and the evidence. Appellee objects to our consideration of appellants' assignments of error. The two that will be first noticed are to the effect that the court erred in sustaining the defendant's general demurrer, and also in sustaining the special exception setting up a want of proper parties. We think those assignments are sufficient to require of us consideration, under authorities to be more particularly noticed when we come to notice the assignment complaining of the judgment as unsupported by the evidence.

[1] So proceeding, we will first dispose of the court's ruling upon the special exception. We are of the opinion that the ruling was correct. It is true, as appellants insist, that A. W. Rone and J. G. Willhoite do not appear from the record to have any interest whatever in the land levied upon and sold to Marti, but they were parties to the judgment in Marti's favor, and, by the proceedings referred to, a credit was entered upon the judgment against them, and nothing on the face of the record indicates that their right would be unaffected by a setting aside of the foreclosure of the attachment lien. For aught that appears, they were but sureties for the debt upon which Marti originally declared, and it would seem that they are certainly interested in maintaining the credit entered upon that judgment. Thereby, whatever their relationship to K. V. Rone and to the cause of action upon which Marti declared, their judgment debt is reduced or discharged to the extent of the credit entered by virtue of the sale of the Nacogdoches county land.

[2] We think nothing can be better settled by the law of this state than that before the judgment can be set aside all parties thereto whose interest may be prejudicially affected must be made parties to the proceeding to set the judgment aside. See Owens v. N. Y. & T. Land Co. (Tex. Civ. App.) 45 S. W. 601; Railway v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743; Schintz v. Morris, 13 Tex. Civ. 580, 35 S. W. 516, 825, 36 S. W. 292; Hume v. Schintz, 16 Tex. Civ. App. 512, 40 S. W. 1067; Levy v. Gill (Tex. Civ. App.) 46 S. W. 84; Railway Co. v. Smith (Tex. Civ. App.) 99 S. W. 172; Danner v. Walker-Smith Co. (Tex. Civ. App.) 154 S. W. 295; Parker v. Stephens (Tex. Civ. App.) 48 S. W. 879; Hall v. Reese's Heirs, 24 Tex. Civ. App. 221, 58 S. W. 976.

The court's ruling upon appellee's general demurrer will be disposed of when we come to dispose of appellants' assignments of error attacking the judgment for want of support in the evidence. However, what we have said above relating to the special exception is intended for consideration upon another trial, for, if it be admitted that both rulings of the court were erroneous, the errors would be harmless in event the final judgment was sustained. As already stated, the court's ruling upon the demurrer was not announced. In the beginning, the evidence and all of the evidence offered by the parties plaintiff and defendant herein was heard by the court; the judgment so specifically recites; and judgment thereon upon the merits was rendered in appellee's favor. No possible injury, therefore, resulted to A. W. Rone and J. G. Willhoite, not made parties. Nor were plaintiffs impeded by the action of the court from a hearing and a disposition of all of the evidence offered by them in support of their action. Under such circumstances, the court's ruling upon the demurrer, if erroneous, would appear to be harmless. See Paddleford v. Wilkinson (Tex. Civ. App.) 194 S. W. 467; Broussard v. Wilson (Tex. Civ. App.) 183 S. W. 814; Kidd v. Prince (Tex. Civ. App.) 182 S. W. 725; Hill v. Neese (Tex. Civ. App.) 160 S. W. 314.

This brings us to a consideration of the material questions presented on this appeal. They arise under appellants' fourth and fifth assignments of error. The fourth assignment is:

"The court erred in rendering judgment for the defendants."

The fifth assignment is:

"The court erred in overruling plaintiffs' motion for a new trial."

Under these assignments, is the following proposition:

"A formal judgment rendered by a court without jurisdiction of the subject-matter is void, and may be attacked at any time in any manner."

Then follows a statement in which appears a recitation of the date of the issuance of the attachment, the date on which it was

made returnable, the date upon which the levy was made, as appears from the sheriff's return, and the date of the return of the writ, wherefrom the argument is made at the time of the levy the writ was functus officio, and failed to give the trial court jurisdiction over the land, and failed to authorize the imposition of a lien thereon. The writer cannot avoid the conclusion that appellee's objections to these assignments are well taken. They fail, as it seems to him, to so distinctly specify the grounds upon which the appellants rely to set aside the judgment under consideration as to be in compliance with article 1612, Rev. Statutes, requiring distinct specifications of error in assignments. See Bank v. Warner (Tex. Civ. App.) 176 S. W. 863; Wardlow v. Andrews (Tex. Civ. App.) 180 S. W. 1161; Foster v. Atlir (Tex. Civ. App.) 181 S. W. 520; Allen v. Williams (Tex. Civ. App.) 218 S. W. 135; Melsheimer v. Shaw (Tex. Civ. App.) 223 S. W. 261; Standard Scale Co. v. Chapin (Tex. Civ. App.) 218 S. W. 645.

However, the majority have concluded that the statute cited has been so liberalized by the decisions of our Supreme Court as to constitute the assignments, proposition and statements a presentation of appellants' complaint such as to require our consideration. The reliance being upon the cases of Investment Co. v. McClelland, 86 Tex. 180, 23 S. W. 576, 1100, 22 L. R. A. 105; First National Bank v. Fuller (Tex. Civ. App.) 191 S. W. 830; Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Civ. App.) 160 S. W. 628; Harlington Land & Water Co. v. Houston Motor Car Co. (Tex. Com. App.) 209 S. W. 145; Houston Oil Co. v. Ainsworth (Tex. Com. App.) 228 S. W. 185.

Proceeding, therefore, to a disposition of the assignments, we think error is presented which will require a reversal of the judgment. It is true that the record fails to show that K. V. Rone, or any other defendant in the original suit, questions the regularity of the levy foreclosed in the judgment, or later sought to have the judgment corrected in a motion for new trial or by appeal. Nor have they shown any sufficient excuse for a failure to seasonably discover and have set aside the erroneous entry foreclosing an attachment lien. So that, if this cause should be considered an equitable proceeding, the appellants wholly failed to show any right to levy. But we conclude that appellants' rights, if any, are to be determined irrespective of equitable principles.

244 S.W.—41

[3] It was alleged, and the proof apparently shows that the writ of attachment offered by appellants in evidence was made returnable, as by the law required, upon the 7th day of April, 1919, and that it in fact was not levied until the 9th, two days after its return date. If so, it is clear, under the authorities, that the levy was not merely voidable, but absolutely void. See Nance v. Barber, 7 Tex. Civ. App. 111, 26 S. W. 151; Jordan v. Henderson, 39 Tex. Civ. App. 89, 86 S. W. 961; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240.

[4] Appellee very ingenuously argues that the issues material to the validity of the attachment lien were settled and determined in the judgment foreclosing it. It is true that in that case it appears that the court had jurisdiction of the parties to the action, and also had jurisdiction of the subject-matter set up in the pleadings. But nothing in the record discloses that in those pleadings any issue was formed relating to an attachment lien, and the court, in order to obtain jurisdiction over the land levied upon, could only do so by the levy of a lawful writ made before its return date, and we need cite no authorities for the proposition that, if no jurisdiction was acquired over the res, the subject-matter of the levy, the decree may be set aside at any time and in any appropriate action.

It is to be remembered that this action is a proceeding in which the judgment is directly attacked, and the rule relating to collateral attacks has no application. Appellee presented no pleading below to the effect that any writ of attachment other than the one set up in appellants' pleadings had been issued in the case, nor was it alleged that a forgery or a mistake had been made in entering the date of the levy as of the 9th instead of the 7th, so that we feel unable to indulge a presumption in favor of any such theory; on the contrary, in the present state of the record, we feel that we must assume that the attachment lien set up in appellants' pleadings and offered in evidence was the only one issued in the original case, and that the sheriff's return showing its levy on the 9th truly states the date of the levy.

So concluding, we are of opinion that there was error in the court's ruling on the general demurrer and in the judgment rendered. The judgment will accordingly be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.