### THOMPSON v. AUSTIN, State Banking Com'r.  (No. 479.)

(Court of Civil Appeals of Texas.  Waco.
Jan. 27, 1927.)

1. **Appeal and error** ⬥173(10)—**Defense of limitations, not called to attention of trial court, is not available on appeal.**

Defense of two-year limitation, not called to attention of trial court, is not available on appeal.

2. **Limitation of actions** ⬥180(2)—**Pleading** ⬥228—**Defense of limitation appearing in pleading may be raised by special exception, but is waived if not called to court's attention, and if court does not act thereon.**

Defense of limitation may, if it appears on face of pleading, be taken advantage of by special exception, but is waived where judgment of court is not invoked, and where court does not act on special exception.

3. **Limitation of actions** ⬥182(5)—**Pleading** ⬥228—**On failure to call exception to petition to court's attention and to plead limitations in answer, such defense was waived.**

On failure to call exception to petition on ground of limitations and to plead such defense in answer, it was waived.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Action by Charles O. Austin, State Banking Commissioner, against J. W. Thompson. From a judgment for plaintiff, defendant appeals. Affirmed.

Levi Herring, of Fairview, for appellant.
Williford & Geppert, of Teague, for appellee.

BARCUS, J.  This suit was instituted by appellee, the state banking commissioner,

seeking to recover an assessment which had been properly levied against appellant on stock which he had owned in the First Guaranty State Bank of Elmo, Tex., and which he had disposed of within less than one year's time preceding the date the bank had been placed in the hands of the banking commissioner.

[1] The trial court rendered judgment in favor of the banking commissioner for $844.-24. Appellant presents only two assignments of error, based alone on the action of the trial court in overruling his special exception to appellee's petition on the ground that it appears from its allegations that appellee's cause of action is barred by the two years' statute of limitation.

Under the record appellant is not in a position to avail himself of the defense of limitation. Appellant's exceptions were not, as far as the record shows, called to the attention of the trial court, and no action thereon is shown.

[2] It is well settled that the defense of limitation may, where the facts appear upon the face of the pleading, be taken advantage of by special exception, but it is also well settled that, where the judgment of the court is not invoked, and where the court does not act upon the special exception, it is waived.

[3] The answer of appellant to appellee's suit does not contain a plea setting up limitation. Under these facts, the defense of limitation was waived. Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236; Hall v. Williams (Tex. Civ. App.) 267 S. W. 520.

The judgment of the trial court is affirmed.