C. P. Fox, Sheriff, et al. v. O. L. Cone.

No. 5133.   Decided February 6, 1929.
(13 S. W., 2d Series, 65.)

*Fly & Ragsdale,* for appellants.

In no sense are the deputies of a sheriff the agents or servants of the sureties on the official bond and such sureties are not participants in trespasses committed by those officers merely because they are sureties.   Such liabilities as result to them flow purely from the conditions of the bond.   Art. 1995, R. S., 1925, Exception (9) ; Lasater v. Waits, 95 Texas, 553, 68 S. W., 500; Boyd v. Genitempo, 260 S. W., 934; Warwick v. First State Bank of Temple, 296 S. W.,

348; Wiese v. Becker, 294 S. W., 991; First National Bank v. Childs, 231 S. W., 807; Hubbard v. Lord, 59 Texas, 384; Armendiaz v. Stillman, 54 Texas, 623; Ricker v. Shoemaker, 81 Texas, 22.

*Emmett B. Cocke,* for appellee.

We have a right to sue W. J. Fox and as he resides in Harris County we have the right to maintain our suit as filed in that county. And having the right to maintain our suit in that county against W. J. Fox we have the right under the new subdivision 29a, passed by the first called session of the Fortieth Legislature and approved June 7th, 1927, to sue in the same cause all other necessary parties. C. P. Fox, the sheriff and principal obligor, J. I. Heard the trespassing deputy, D. S. Fox and J. M. O'Brien two of the sureties on the sheriff's bond all are necessary parties and should be sued herein, and have been, as the recent act referred to as well as the old law gave the right to do.

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

The following certificate has been presented to the Supreme Court by the Honorable Court of Civil Appeals of the First Supreme Judicial District.

"An issue of law has arisen in this cause which we deem it advisable to present to you for adjudication, the facts in the record giving it rise and the formulation of it into resulting inquiries being as follows: Appellee, plaintiff below, filed this suit against the appellants, C. P. Fox, sheriff of Refugio County, Texas, J. I. Heard, his deputy, D. S. Fox, J. M. O'Brien, and W. J. Fox, the latter three being sureties on the official bond of the sheriff, the petition being filed on November 21, 1927. The suit was brought for damages, actual and exemplary, alleging the false arrest and imprisonment of appellee by the appellant, J. I. Heard, acting as deputy sheriff under C. P. Fox, sheriff of Refugio county, and alleging that all acts in connection with the alleged false arrest and imprisonment and other matters complained of incident thereto occurred in Refugio County, Texas, on or about June 30, 1927. At the time of the arrest appellee had an extra generator in his car that Heard and Sheriff Fox asserted was stolen property. The petition recites that appellee was arrested and placed in jail and his Ford car, including the extra generator, were taken possession of by the officers and held

by them. Deputy Heard alone, it is asserted, made the arrest and placed appellee in jail.

The petition recites the residence of the plaintiff, O. L. Cone, to be in Wilson County, and the residence of C. P. Fox, sheriff, J. I. Heard, deputy sheriff, D. S. Fox and J. M. O'Brien, sureties on the sheriff's official bond, all to be in Refugio County, Texas, and the residence of W. J. Fox, another surety on the bond, to be in Harris County, Texas.

Pleas of privilege were appropriately filed by all the defendants claiming their several rights to be sued in Refugio County, Texas, all but W. J. Fox pleading their residence in Refugio County, and that the suit, being one for damages for trespass alleged to have been committed in Refugio County only, must be brought in that county. W. J. Fox in his plea of privilege asserted that he was simply a surety on the bond of sheriff C. P. Fox, and, while he lived in Harris County, Texas, that fact did not confer venue in this class of case in Harris County, and plead his right to be sued with his principal in Refugio County.

Appellee filed his controverting affidavit in proper time and form, wherein he asserted jurisdiction and venue of the entire case in Harris County by reason of the fact that W. J. Fox, one of the sureties on the sheriff's official bond, joined as a defendant, had his residence in Harris County.

The hearing on the pleas of privilege was had on February 2, 1928, and they were overruled upon the pleadings without the introduction of testimony, the court's order reciting:

The parties having agreed in open court through their attorneys of record, that for the purpose of this hearing, the allegations of fact as to residence of the parties and the place where all the acts of defendants complained of as contained in the plaintiff's petition and the pleas of privilege by the defendants are true."

"Question No. 1:

Was the suit as brought maintainable in Harris County under subdivision 4 of R. S. Article 1995, or did subdivision 9 thereof require the venue to be exclusively laid in Refugio County, the situs of the alleged trespass and the domicile of both the sheriff and his offending deputy?

2. If it was lawfully maintainable in Harris County against the resident defendant, W. J. Fox, what others of the defendants were also suable there as necessary parties under the provisions of section

2 of Chapter 72, Acts of the First Called Session, 40th Legislature, page 197?"

The Constitution in two sections of the Bill of Rights, 9 and 19, guarantees to the citizen redress for wrongs such as are outlined in the petition in this case committed against him. The courts must, therefore, be clothed with jurisdiction to administer such redress. Article 1995 of the Revised Statutes, in effect, subjects everyone, who is liable to suit, to be sued in the county in which he has his domicile, except in certain enumerated cases. This article lays down the general rule in this State on this subject. This general rule has been construed by the Courts to be favorable to the rights and interest of defendants, since experience has demonstrated such right and privilege, so given, to be a valuable one. The language of Article 1995 is "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases." Generally speaking the meaning of this statute is that every defendant is entitled to be sued in the county in which he has his domicile unless it is shown that the case falls within some of the exceptions. Usually these exceptions, to the general rule, give to the plaintiff, in a case, an additional right to sue the defendant, not only in the county in which he has his domicile but in some other county, as, for instance, a person living in one county, who has contracted in writing to perform an obligation in another, may be sued in the county of his domicile or in the county where he has agreed to perform the obligation. Likewise a suit based upon a crime, offense or trespass may be brought in the county where such crime, offense or trespass was committed, or in the county where the defendant has his domicile. So in the case stated in the certificate, to the extent that the suit is based upon the trespass alleged, the person alleged to have committed the trespass could be sued in Refugio County where the alleged trespass was committed by him and also where he has his domicile. Another exception to the general rule is: "if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." This subdivision applies only to where the cause of action, as to all parties, is the same. McCauley v. McElroy, 199 S. W., 317; Cruz v. Texas Glass & Paint Co., 199 S. W., 819.

We assume that the petition contains allegations to the effect that the Deputy Sheriff, in committing the alleged trespass, was acting within the scope of his official authority. If the petition does so allege then the acts of the Deputy Sheriff constituted a trespass for

which he, himself, might have been sued in the county where it was committed. In such case the Sheriff and the sureties on the sheriff's bond would be liable for the damages suffered by the injured party and the sureties, as well as the sheriff, could have been sued in the same suit, brought against the Deputy Sheriff. This would be so, notwithstanding the fact that at common law a suit based on a tort could not be properly joined against the sheriff and his sureties for damages arising out of the act of trespass committed by the tortfeasor, in this instance the Deputy Sheriff, since this rule of the common law has been modified so as to permit the joining of the two causes of action in the same suit, where they arise out of the same transaction. Under the 9th exception to the general rule, stated in Article 1995, the party guilty of the trespass may be sued out of the county of his residence where the trespass occurred in another county, however, in this case the trespass is alleged to have occurred in the county where the alleged trespasser had his domicile. Lasater v. Waits, 95 Texas, 553, 68 S. W., 500. In the case cited Judge Williams, in discussing this 9th exception says: "It shows that the Legislature had in mind only one defendant, who must necessarily be the trespasser. This would include every trespasser, as each would come under the expressed provision. But where we attempt to include in the exception other defendants, who are not trespassers, we add something to the provision which cannot be done without violating the general rule. In actions against the trespassers, the foundation, and the whole foundation, of the action is the trespass, and the case comes wholly within the exception; but in suits like this, while the trespass is an essential element, the liability of the defendants arises from their contract, and it is upon that that the action is really founded."

In the case presented by the certificate, the plaintiff, in the suit, has properly joined the real trespasser with others who are responsible for his acts, by reason of their contract. The action against the trespasser is one founded in tort. The action against the Sheriff and his sureties is one founded on contract. Since one of the defendants had his domicile in Harris County the plaintiff's suit was properly brought there but it does not follow that in view of the due filing of a proper plea of privilege, by the alleged actual trespasser, that, as to him, the suit could longer thereafter be maintained in Harris County, since the trespass was committed in Refugio County and the alleged trespasser had his domicile there.

In view of what we have said and the language in which question No. 1 is couched, it is necessary that we should state the timely interposition by the deputy sheriff of his plea of privilege to be sued in Refugio County, where the alleged trespass was committed, and also where he has his domicile in the absence of a proper motion, duly presented by the plaintiff to dismiss this defendant from this suit, presented a situation to the trial Judge requiring the orderly transfer of the case to the District Court of Refugio County, since the latter court is, under the facts recited in the certificate, the only court which has the power to determine the issues made by the pleadings and to render a final judgment so as to bind all the parties to the suit. While the suit, in so far as it is based on the bond, is maintainable in Harris County, yet so long as J. I. Heard, the alleged trespasser, remains a defendant, with the record in the condition shown by the certificate, it can not be maintained there. Defendant Heard had the lawful right to waive his privilege to be sued in Refugio County. This he could have done by merely failing to file in due time, a proper plea, supported by evidence of its truth. But he did not do this. Having shown he was entitled to have the case transferred to the proper court of Refugio County, so long as the plaintiff insists that Heard shall remain a party to his suit, as he has the lawful right to do, he must take the consequences of his insistence and present his case to a court having the power to dispose of all the issues made by the pleadings between all the parties by the rendition of the final judgment binding upon all the parties. That court, under the facts stated in the certificate, is the District Court of Refugio County.

As to the second question, referring to Section 2 of Chapter 72, Acts of the First Called Session, 40th Legislature, 197, it is apparent from what has been said in answering the first question, that the deputy sheriff, the only alleged actual trespasser, was not a necessary party to the suit against the sheriff and his sureties for damages, based on the official bond of the sheriff. As said in Lasater v. Waits, supra, "while the trespass is an essential element the liability of the defendants arises from their contract, and it is upon that that the action is really founded," in a case like this. The necessary parties, under the provisions of the law above mentioned in a suit of this character, brought in the county in which one of the defendants has his domicile, are the sheriff and the sureties on his official bond. The deputy sheriff, in this suit, is not a necessary party. The plaintiff in the original suit, under the law, has the lawful right to main-

tain a suit against the deputy sheriff, individually, for the trespass in Refugio County and at the same time maintain this suit. The plaintiff has seen fit to bring the suit against all the parties, as he has, in a county other than that in which the trespass was committed, and in which the actual trespasser has his domicile, knowing, as he must have known, since everyone is supposed to know the law of his case, that under the facts of his case the alleged trespasser had the right to interpose his privilege to be sued where the trespass was committed and where he had his domicile.

We therefore recommend that the questions propounded in the certificate be answered in accordance with the conclusions reached by us in this opinion.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

<div align="right">

*C. M. Cureton,* Chief Justice.