## OAKLAND MOTOR CAR CO. v. JONES.
### No. 705.

Court of Civil Appeals of Texas. Eastland.
May 30, 1930.

Rehearing Denied June 27, 1930.

862

Turner, Rodgers & Winn, of Dallas, for appellant.

Owen & Owen, of Eastland, for appellee.

FUNDERBURK, J.

This is a suit by F. A. Jones, who resides in Eastland county, Tex., against Oakland Motor Car Company, a foreign corporation, with a permit to do business in Texas, and having a residence and domicile in Dallas county, Tex., and G. J. Boyd, "doing business under the name of Boyd Motor Company," who is alleged to reside in Eastland county, Tex. The pleadings are lengthy, but for the purpose of disposing of the questions presented on this appeal it may be said that the cause of action against Oakland Motor Car Company was for negligence of the latter in having manufactured for sale and offered for sale and sold a defective Pontiac automobile, and the nature of the cause of action against G. J. Boyd is best illustrated by the allegations that "the said G. J. Boyd knew of such defects and the dangerous condition of said automobile and carelessly and negligently sold same to this plaintiff and did not advise or warn this plaintiff of the damages and dangers that might result by reason of said defects."

The defendant, Oakland Motor Car Company, filed a plea of privilege in all respects substantially conforming to the requirements of R. S. 1925, art. 2007. The plaintiff filed a controverting plea, undertaking to set forth the claim that venue was properly laid in Eastland county upon the grounds (1) that said defendant was a nonresident of the state, and the suit having been filed in the county of plaintiff's residence, the venue was properly laid under subdivision 3 of article 1995; (2) that the joinder of said defendant in a suit against Boyd, a resident of Eastland county, properly fixed the venue in said county under subdivision 4 of said article; and (3) that the cause of action declared on, or a part thereof, arose in Eastland county, and venue was properly fixed under the provisions of subdivisions 23 and 27 of said article.

Upon a trial of the plea of privilege the court overruled the same, and, from the order overruling such plea, the defendant Oakland Motor Car Company has duly prosecuted this appeal.

Each of the several grounds relied upon to maintain venue in Eastland county and to support the judgment of the trial court in overruling the plea of privilege will be considered in order. It will also be necessary to make a more detailed statement of the facts relative to the second ground in connection with the discussion of that particular point.

Whether the venue was properly adjudged to be in Eastland county under subdivision 3 of article 1995, may be determined

by the answer to the question, whether or not a foreign corporation, having a permit to do business in Texas, is necessarily one who resides without the state within the purview of said provision of the statute. In Taylor v. Wilson, 93 S. W. 109, 110, the Supreme Court regarded it as already settled that "'domicile' and 'inhabitant' used in the first clause" of said article 1995 "mean, respectively, the same things as 'residence' and 'resident.'" In that case the Supreme Court held that, if the defendant had a residence in the state, he had the right to claim the benefits of the statute, even though he also had a residence without the state. The evidence was uncontroverted that defendant Oakland Motor Car Company had a place of residence in Dallas county, and, in so far as subdivision 3 provides to the contrary, had the undoubted right to have the venue changed to that county. Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S. W. 576.

■ In considering whether the judgment overruling the plea of privilege may be sustained under subdivision 4 of article 1995, it is necessary to notice first the contention of appellant that said subdivision 4 has been repealed or superseded by subdivision 29a. It was so held in Citizens' National Bank v. Del Rio Bank (Tex. Civ. App.) 11 S.W.(2d) 242. Assuming that decision to be correct, the Austin Court of Civil Appeals in Sproles v. Schepps, 26 S.W.(2d) 922, has held that "necessary parties," within the meaning of subdivision 29a, is not to be construed as meaning technically necessary parties, but as meaning such parties as have heretofore been permitted to be joined in one suit to prevent a multiplicity of suits.

We find ourselves unable to agree with either decision. In our opinion, subdivision 29a was not intended to repeal or supersede subdivision 4. It does not purport to do so, and of course should not be held to do so if not necessarily inconsistent with the older statute. Prior to the enactment of subdivision 29a, subdivision 4 had long been held to permit the fixing of venue in a particular county by the joinder with a resident defendant of not only necessary parties but proper parties. The decisions recognizing that effect of said statute are too numerous to mention. It is believed that the true rule was stated in Richardson v. Cage, 113 Tex. 152, 252 S. W. 747, 748, which opinion was approved by the Supreme Court, wherein it was said: "In order that a party may be sued outside the county of his residence, the defendant who resides in the county where the suit is brought must be a *proper* [italics ours] or necessary party to the action," and that as to the cause of action it "must be a joint one; or at least * * * must grow out of the same transaction and be so intimately connected with the cause of action" against the non-resident defendant "that the two should be joined under the rule intended to avoid a multiplicity of suits."

The rule as thus stated suggests a further very interesting question, made so because of the conflict of opinion concerning it. That question is, whether, for a case to come within subdivision 4, it is necessary that the cause of action be the same as to all the defendants. In Fox v. Cone (Tex. Com. App.) 13 S.W.(2d) 65, 66, is the statement: "This subdivision [i. e. subdivision 4] applies only to where the cause of action as to all parties is the same." Similar expressions are to be found in a number of other cases, of which may be mentioned: McCauley v. McElroy (Tex. Civ. App.) 199 S. W. 317; Givens v. Carter (Tex. Civ. App.) 146 S. W. 623; India Tire, etc., Co. v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 141; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; Galveston Dry Goods Co. v. Mitchell (Tex. Civ. App.) 171 S. W 279; Wilson v. Gass (Tex. Civ. App.) 260 S W. 282; Stephens v. First National Bank (Tex. Civ. App.) 146 S. W. 620.

But, in Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, 964, there were involved different causes of action as to different defendants, and neither of the causes of action was the same against all the defendants. The Supreme Court, upon determining that the causes of action were such as properly could be joined in the same suit, held that the suit was rightly brought in the county of the residence of some of the defendants under subdivision 4. Based upon the conclusion that "our system does not favor the bringing of a multiplicity of suits and therefore permits *all causes of action* (italics ours) growing out of the same transaction to be joined," the court held that, "It is not the duty of a plaintiff to sue those who are proper, but not necessary, parties to it; but it is his right to do so. If rightfully defendants, the suit in a case of this character may be brought in any county in which either of the defendants resides." Cobb v. Barber, supra, has been followed right up to the present time. Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; First State Bank v. Hill (Tex. Civ. App.) 2 S.W.(2d) 1023; People's State Bank v. National Bank of Commerce (Tex. Civ. App.) 267 S. W. 992; Alexander v. Alexander (Tex. Civ. App.) 265 S. W. 1072; Childress v. Brooks (Tex. Civ. App.) 265 S. W. 224; First State Bank v. Rice (Tex. Civ. App.) 251 S. W. 284; Scott v. Cassidy S. W. Comm. Co. (Tex. Civ. App.) 240 S. W. 1041; Waxahachie National Bank v. Sigmund Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; White v. Alexander, 62 Tex. Civ. App. 512, 131 S. W. 437, 438; Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121; Dublin Cotton Oil Co. v. Robinson (Tex. Civ.

App.) 50 S. W. 1054; Harper v. Winfield State Bank (Tex. Civ. App.) 173 S. W. 627.

An almost insuperable obstacle in the way of considering Fox v. Cone, supra, as expressing the purpose of the Supreme Court to overrule Cobb v. Barber, supra, and all the long line of cases following it, is to be found in the fact that, in that very case it is held that there were two different causes of action —one being for tort and the other upon contract, no one being against all the defendants, and yet that the suit as so brought could have been maintained in Refugio county against all of the defendants under the provision of subdivision 4. But we find it unnecessary, to the determination of the questions presented on the present record to adopt either of the two lines of decisions to the rejection of the other. This because they all agree that, under some circumstances, subdivision 4 applies to proper, as well as necessary parties. For instance, if subdivision 4 is applicable alone to a case where the same cause of action is asserted against all the defendants, as held in Fox v. Cone, supra, it will none the less apply to proper parties, as where joint tort-feasors or persons severally as well as jointly liable are sued. That subdivision 4 applies to proper parties as well as necessary parties is the vital point in the present argument. If such be the case, then it is manifest that subdivision 29a and subdivision 4 do not cover the same subject-matter, and are in no sense in conflict. They each have a wholly independent operation. Subdivision 29a cannot affect a case properly brought under subdivision 4. Its provisions are unnecessary to hold in such a suit an out-county defendant who is a necessary party. That is the utmost extent that subdivision 29a can affect any suit, the venue of which is sought to be maintained under any exception to the general rule. It can therefore only apply effectively to exceptions to the general rule of venue other than the one provided in subdivision 4. To all such other exceptions it does apply whenever the defendant interposing his plea of privilege is shown to be a necessary party as distinguished from a merely proper party. If subdivision 29a repeals subdivision 4, then a suit against joint tort-feasors could not be maintained against them in the county of the residence of one against a plea of privilege of another residing in a different county. Certainly there could be no implied repeal that would result in such a consequence. A good example of the operation of subdivision 29a would be a suit by A against B and C to cancel a note payable to B and C, which was procured by the fraud of B alone. Such a suit would be maintainable against B in the county where the fraud occurred. But prior to the enactment of subdivision 29a, suit could not be maintained as against C, who resided out of the county, and who committed no fraud. How-

ever, under the operation of subdivision 29a, such a suit may be maintained against both B and C in the county where the fraud occurred, because C is a necessary party to a suit to cancel the note payable to him.

It is upon these considerations that we conclude that subdivision 29a does not repeal or modify subdivision 4. It is further our opinion that "necessary parties," as the words are used in said subdivision 29a refer to "necessary" as distinguished from "proper" parties.

The allegations of plaintiff's controverting plea, under which he sought to maintain venue in Eastland county under subdivision 4, were: "That this court has venue of this suit because there are two defendants in said cause and said two defendants herein reside in different counties, and this suit has been brought in the county in which one of said defendants resides, to-wit: in the County of Eastland, State of Texas, in which the defendant G. J. Boyd resides." The controverting plea did not make plaintiff's pleading a part thereof, nor refer to or adopt any part of same, except the allegations therein as to the names and residences of the parties and the corporate character of the defendant, Oakland Motor Car Company. Upon the hearing of the plea of privilege plaintiff introduced in evidence his original petition. It is doubtful if he proved that Boyd resided in Eastland county, but we prefer to resolve the doubt, if any, in favor of such proof, and dispose of the case upon the assumption that such fact was shown. The causes of action attempted to be asserted against the two defendants, as disclosed by the plaintiff's pleading, are not the same. If, therefore, that fact be necessary to maintain the venue as held in Fox v. Cone, supra, it alone is determinative of the question that the court erred in overruling the plea of privilege. But, on the other hand, if it is not necessary that the cause or causes of action be the same as to all of the defendants, provided they may be joined in the same suit, as we construe Cobb v. Barber, supra, and that line of decisions to hold, the two causes of action, being, as we think, properly joined, it is necessary to apply further tests to determine the correctness of the action of the court in overruling the plea of privilege.

In applying further tests, two questions arise. The first is: Were there sufficient allegations to serve as the basis for the necessary proof to overcome the prima facie right of the Oakland Motor Car Company to have the case transferred to Dallas County? And, second: Was the evidence sufficient to do so? An examination of the several exceptions to the general rule of venue will disclose that some of the exceptions are based upon the fact of the nature of the ac-

tion, together with one or two other simple facts that are ordinarily easy of proof. For example, where the nature of the suit is one for the recovery of land (subdivision 14), or "for divorce" (subdivision 16), or "against a county" (subdivision 19), etc. In all such cases, where the exception is based in part upon the nature of the action, the plaintiff's petition is the best and all-sufficient evidence of the nature of the action. Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Montgomery v. Turner (Tex. Civ. App.) 233 S. W. 543.

Under the logical application of the principle involved in these decisions it can be plausibly argued that plaintiff in this case tendered sufficient pleadings and evidence to sustain the venue as laid. But the courts have refused to apply the principle to some of the exceptions, including subdivision 4. Manifestly, it was thought that to do so would render the right of a defendant to be sued in the county of his residence too easily liable to be denied to him by the simple allegations of his adversary, never perhaps intended to be proved. The rule has therefore become well established, as to this exception, that the plaintiff must both allege and prove the facts showing a bona fide cause of action against the resident defendant, which is of such a nature as that an out-county defendant claiming his privilege to be sued elsewhere is properly joined in the same suit. Richardson v. Cage, supra; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495.

Some of the cases seem to hold or imply that the proof need not go further than to show a bona fide cause of action against the resident defendant. Richardson v. Cage, supra. Others, however, seem to require that the evidence show as facts the existence of a cause of action against the nonresident defendant as well. World Co. v. Dow, supra; Duffy v. Cole Pet. Co., supra. Whatever be the true rule in this respect is immaterial to our inquiry here. Clearly, plaintiff's controverting plea did not attempt to allege the facts relied upon to show a cause of action against either defendant. The controverting plea did not even state general conclusions to such effect, as was done (and held insufficient) in Duffy v. Cole Petroleum Co., supra. That fact alone is determinative of the proposition that the trial court erred in overruling the plea of privilege, in so far as venue was sought to be maintained under subdivision 4. It is equally certain that there was no evidence showing the existence of a cause of action against either defendant. The fact that the lights on the car went out suddenly is no evidence showing the existence of the causes of action which the pleadings attempted to allege against either defendant.

From the conclusion that, as the basis of the court's judgment upon the plea of privilege, there was neither pleading nor proof of facts showing a cause of action against either defendant, it necessarily follows that there was neither pleading nor proof of facts to show that any particular cause of action or part thereof arose in Eastland county. Such pleading and proof of facts were just as essential to maintain the venue under subdivisions 23 and 27 as under subdivision 4.

Before closing, it may be remarked that appellee apparently places sole reliance upon his claim of the insufficiency of the plea of privilege as against a general demurrer. The plea of privilege, as said in the statement of the case, complied with the statutory requirements. R. S. 1925, art. 2007. If that statute is valid, there is, of course, no merit in the contention that such a plea is subject to general exception on the ground that it states conclusions rather than facts. Of course, if, in addition to the statutory allegations, the plea of privilege had contained other allegations of fact, showing in themselves that the venue was properly laid, a different question would be presented. But such is not the case. We are not prepared to hold that article 2007 is invalid, and it therefore follows that the contention of appellee cannot be sustained.

It is our opinion that the judgment of the trial court should be reversed and the cause remanded, with instructions to the trial court to order the transfer of the case to Dallas county, and it is accordingly so ordered.