**PEARSON et al. v. GUARDIAN TRUST CO. et al.**

**No. 10304.**

Court of Civil Appeals of Texas. Galveston.
May 2, 1935.

Rehearing Denied May 23, 1935.

Merrill & Grinstead, Fulbright, Crooker & Freeman, and C. A. Leddy, all of Houston, for appellants.

Brown & Bader, of Edinburg, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellee City of Edinburg.

GRAVES, Justice.

This appeal is from an order of the district court of Harris county sustaining a plea of privilege of the city of Edinburg to be sued in the county of its domicile, Hidalgo, in a suit filed in Harris county by W. L. Pearson and his wife, the settlors, and their children and grandchildren, the beneficiaries, under an express trust that the elder Pearsons had established at Houston for the ultimate benefit of such children, against the Guardian Trust Company

—their designated and acting trustee under the trust—which was domiciled in Harris county, wherein the court was asked to direct such trustee to pay out of the trust funds so in its hands $25,000 in an effort to settle with the United States Government certain income tax claims it was making against Mr. and Mrs. Pearson, the city of Edinburg being joined as a defendant along with the resident trust company upon averments to the effect that it, as such trustee, had declined to pay out the money for the purposes stated until the claim made by the city of Edinburg to the ownership of the trust funds to an aggregate of more than $180,000 be adjudicated and determined, and that the city had refused to consent to such use thereof.

Preliminarily to making the order appealed from, the court, in addition to the pleadings, inclusive of the controverting affidavits, heard full evidence from both sides, and not only sustained the city's plea to be sued thereon in Hidalgo county, but further transferred the cause as a whole to the district court there.

The appellants—the described plaintiffs below—inveigh here both against the granting of the city's plea of privilege and, vel non, against the transfer of the whole cause of action to Hidalgo county, upon these contentions:

(1) That their controverting affidavit having established a cause of action against the trust company in Harris county, and the appellee city being both a proper and a necessary party to the suit therein, the venue against it was properly laid in Harris county under both subdivisions 4 and 29a of R. S. article 1995 (Vernon's Ann. Civ. St.).

(2) Even if the city's plea of privilege was properly sustained; nevertheless they were entitled to litigate the cause of action asserted by them against the Guardian Trust Company in Harris county.

The judgment should be affirmed, it is concluded, upon at least these considerations:

■ Under the evidence received, the learned trial court was authorized, if not required, to make (and in support of its judgment will be presumed to have made) findings of fact that legally determined the cause as it did, to this effect:

(1) The city of Edinburg was not a party to, nor beneficiary under, nor claimant of any interest whatever by reason of the trust, which, on the contrary, was indisputably shown to be an inter nos set-up between the Pearsons on the one side and the resident trust company in Harris county on the other, hence, as to the nonresident city, it was a mere res inter alios acta; wherefore, all the proceedings with reference thereto taken between those other and different parties were clearly ex parte as to it.

(2) The city's claim was, not that it was in any way interested in the trust, or the doings of the parties thereto as between themselves, but that the moneys and property that had by the elder Pearson been placed in the trust belonged to it, that is, up to an aggregate amount of more than $180,000, and had been fraudulently taken from its possession in Hidalgo county by him in the attempt to secrete them beyond its reach in this trust; that in pursuit of that claim upon its part of such funds, the city had more than two years prior to the filing of this suit by appellants in Harris county filed suits in its own behalf in its own county of Hidalgo against all of the appellants, who had answered therein, fully declaring upon its claim to the ownership of these moneys, and alleged the fraudulent taking thereof away from the city's control at Edinburg and the placing of them in this trust arrangement they had so set up at Houston; wherefore, its claim to the ownership of the funds was superior to those of the settlors, or the beneficiaries, or the trustee under the trust, and it was entitled to the possession thereof as against them all and to an adjudication of the courts so establishing its rights; those prior suits between the same parties, involving the same subject-matter and cause of action as affecting the appellants on the one side and the city of Edinburg on the other, are still pending, albeit they have been transferred on change of venue to and are now pending undisposed of in Willacy county; while the appellee city filed in this suit at Houston a plea in abatement, setting up in its own behalf the pendency of such prior suits, it was not reached, because the trial court, in due order of pleading, sustained its plea of privilege before getting to it.

(3) That the pleadings and evidence herein failed to disclose any such controversy between the appellants and the trust company, or any such bona fide cause of action in them against it, as either required or authorized them to join the city of Edin-

burg herein as a defendant and thereby deprive it of the affirmative privilege under R. S. article 1995 of being sued in the county of its residence; the sole averment of any difference between the trust company and the appellants is, in substance, that it refused to pay out the $25,000 in the effort to make the settlement with the government both coveted; but that refusal is further declared to have resulted alone from the trust company's unwillingness to, advance the money until the appellee city's claim of ownership to the funds in its hands had been determined by the court, although, by other express allegations, it was disclosed that clause 4 of the trust agreement fully empowered the trustee "to make adjustment, compromise, and settlement, in respect to the trust estate," and such trustee itself pleaded that it was "ready, able, and willing to tender the $25,-000.00 out of the trust assets for the purpose of effectuating the settlement, if so authorized and directed by the court."

From this situation it would seem to conclusively follow that the sole objective of the suit in Harris county must have been to compel the city of Edinburg to litigate with the other parties thereto its claim to the ownership of the trust funds there being dealt with, and that appellants in reality—as between themselves and the Guardian Trust Company, without the presence of the city—can obtain everything they seek therein, except the settlement for their joint benefit of the latter's claim to ownership of the property they are handling.

The only charge of any link between any of the other parties and the appellee city is the trust company's averment in its answer that the city, on being approached about the matter, objected to the payment out of the moneys held by the trust company of this $25,000, and claimed a lien or charge against such assets, which entitled it to prevent the compromise with the government, unless settlement of the claims the city had previously asserted in its suits filed in Hidalgo county had first been had; it further appearing that the petition in this suit was first drawn without making the city of Edinburg a party thereto, but was not filed that way because it would not agree to the payment of this $25,000 out of the funds to which it was asserting its title, whereupon it was added as a defendant, and then the petition was actually filed by the appellants; indeed, the

attorney for the trust company testified at this hearing that he thought it had the power under the trust agreement to make the settlement with the government, which he did not question, but that he questioned the claims of the adverse parties to the funds in the company's hands and did not want to put the trust company in an embarrassing position as between them; he added that his principal objection to making the arrangement with the government was due to the claim made by the city of Edinburg to the corpus of the property, and that the trust company had been notified it would be held individually liable if it paid out these funds.

The trust company's answer admitted all the material facts averred in the appellants' petition, and joined with them in asserting the mutual belief of all of them that it was for the best interest of the trust estate for the government settlement to be made, which they all likewise desired to have done, and for which in unison they prayed; indeed, this presumptive finding from the evidence, stated supra, that there was no real controversy between the settlors or beneficiaries on the one hand and the trustee on the other, either as to the latter's powers or title under the trust, as to all of which they were among themselves fully agreed, is further supported by these terms of the appellants' prayer itself:

" * * * that said order (that is, the prayed-for order directing the $25,000 to be paid out of the fund) be made in all things valid and binding upon the defendant City of Edinburg, Texas, but without prejudice to any rights which the said City of Edinburg, Texas, may be able to establish in its said pending suits" (that is, its two suits in Willacy county).

■ It thus becomes plain that the gist of the suit was to have the court in Harris county first decide whether or not the city of Edinburg had any title to any of the funds in the trustee's hands, and if it were held not to, then to order the settlement with the government made therefrom without any liability to the city, that is, to try out an issue that only existed between the appellants and the trust company in common cause on the one side, and the city of Edinburg on the other, and that was already pending between them in the suits in Willacy county; in the opinion of this court, that could not properly be done as against the affirmative right to the con-

trary lying behind the city's duly and properly presented plea of privilege.

Under the reaches of the suit as thus determined, neither of the venue statutes invoked by appellants supported them.

■ As concerns subdivision 29a, under the recent construction of that article by the Supreme Court in Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347, 348, 353, it has no application to the facts here, because the defendant Guardian Trust Company was a resident of Harris county and the venue as to it, since it was so sued in the county of its domicile, was not attempted to be fixed under any of the exceptions to R. S. article 1995; the opinion of the Supreme Court is explicit on this point, holding that subdivision 29a "merely operates to add another exception to article 1995 and leaves subdivision 4 unrepealed and wholly unamended," and thus continues:

"Prior to the enactment of subdivision 29a there were many cases where the law made no provision by which another defendant, although a necessary party, could be brought into the suit if it was filed outside of the county of its residence, or the residence of a codefendant. This makes it clear to us that the purpose and intent of subdivision 29a is to remedy this condition so as to provide that in a case where a defendant is sued outside the county of his residence, and venue as to him is fixed by some other subdivision of the statute than subdivision 4, any other nonresident necessary party defendant can be brought into the suit."

■ At first blush subdivision 4 may present some difficulty, but it is thought it disappears upon a recurrence to the particular facts of this case and to the findings that must be deemed to have been made therefrom, before set out; they bring this case well within the line of holdings that have never been overruled nor whittled away to the effect that one may not be sued under that exception out of the county of his residence by merely being joined with a resident defendant, unless there is either a joint cause of action, or one growing out of the same transaction, against them, the leading cases being Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Duffy v. Cole Petroleum Co., 117 Tex. 387, 393, 5 S.W.(2d) 495; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347; Fort Bend Oil Co. v. Hurlbut (Tex. Civ. App.) 52 S.W.(2d) 292; Padgett v. Lake Cisco Amusement Co. (Tex. Civ. App.) 54 S.W.(2d) 201.

This class of cases is definitely distinguished from Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, et id genus omne relied upon by appellants, in such holdings as Jones v. Hickman, 121 Tex. 405, 48 S.W.(2d) 982; Harris v. Willson, 122 Tex. 323, 59 S.W. (2d) 106; and Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; it may be added that the distinguishing fact difference between Cobb v. Barber and these other cases referred to, as is therein pointed out by Chief Justice Gaines in his opinion, is that in that instance the mortgagor, Barber, had not parted with his title to the mortgaged property, consequently he had an interest in the damages resulting from the conversion thereof to the full extent of the value of the cattle involved, the facts there further showing that the suit as affecting both de-defendants grew out of the same transaction, intertwining them in such a way as justified their being joined; but, under the stated facts here, that is a far cry from this situation, hence furnishes no authority for the application in this instance of the rule there applied.

■ Since, under the conclusions stated, the facts here establish a sort of Siamese-twin connection between appellants and the trust company that denuded them of any controversy between themselves and in reality left them common cause litigants against the appellee city alone over the latter's claim of title to and ownership of the funds involved, the transfer by the learned trial court of the whole cause to the county of the city's residence was not an abuse of the discretion vested in it in the circumstances. Fox v. Cone, 118 Tex. 212, 218, 13 S.W.(2d) 65.

The judgment has been affirmed.

Affirmed.