**WILLIS et ux. v. SHAW, Banking Com'r, et al.**

**No. 3314.**

Court of Civil Appeals of Texas. El Paso.

Jan. 23, 1936.

Rehearing Denied Feb. 13, 1936.

D. B. Hardeman, Robert G. Hughes, and James Cornell, all of San Angelo, and Morriss & Morriss, of San Antonio, for appellants.

Ernest W. Clemens and Terrell, Davis, Hall & Clemens, all of San Antonio, for appellees.

HIGGINS, Justice.

This is a suit by Willis and wife against James Shaw, banking commissioner, South Texas Bank & Trust Company, a banking corporation, domiciled in Bexar county, and George D. Miers of Val Verde county. The two defendants first named filed pleas claiming the privilege of being sued in the Seventy-Third district court of Bexar county. The controverting affidavit sought to sustain the venue in Val Verde county under sections 4 and 29a, of the venue statute, because of Miers' residence in said county. The pleas were sustained and the venue changed to the Seventy-Third district court of Bexar county.

Briefly stated, the facts disclosed by the petition are as follows:

In 1927 plaintiffs purchased from W. H. Jennings and City National Bank of San Antonio some capital stock of a Mexican corporation, paying therefor $10,000 cash, and giving notes totaling $90,000, of which amount $40,000 was later paid. The stock was pledged to secure the payment of the notes. The City National Bank was later

reorganized and its name changed to City Central Bank & Trust Company of San Antonio, which later became insolvent, and its assets passed into the hands of the banking commissioner and are being liquidated in the Seventy-Third district court of Bexar county. ·The South Texas Bank &'Trust Company took over a part of the assets of the insolvent bank and the banking commissioner still has a part of the assets. Facts are alleged showing the plaintiffs' right to rescind the sale and to recover damages and the purchase money theretofore paid to the bank and return of the unpaid notes.

As concerns Miers, the petition alleged: "Plaintiffs now show that defendant George D. Miers is asserting an interest in the fund sought to be recovered by plaintiffs from the defendants aforesaid, claiming and asserting advances by him to said City Central Bank & Trust Company out of his own funds on account of payments on the promissory notes of plaintiffs and consequent right of subrogation, and by reason of such payments asserting rights and equities in, and lien upon, the securities aforesaid held by the other defendants on account of the purchase of the stock as aforesaid, all of which plaintiffs disclaim; and plaintiffs ask that the said George D. Miers be made a party in order that his rights, if any he has in and to such fund and collateral securities, may be adjudicated."

The prayer was for the recovery of damages, including the cash theretofore paid, cancellation and surrender of the unpaid purchase-money notes, and for general relief.

Opinion.

The ruling upon the pleas of privilege was correct.

■ This is not only an action to rescind, but also to establish a claim for money against the banking commissioner as the statutory liquidating receiver of the insolvent City Central Bank & Trust Company. The liquidation proceedings are pending in the Seventy-Third district court of Bexar county. Under the ruling in Kidder v. Hall, 113 Tex. 49, 251 S.W. 497, the Seventy-Third district court has exclusive jurisdiction of the demand against the insolvent bank declared upon by the plaintiffs. See, also, Hall v. Eastland County (Tex.Civ.App.) 254 S.W. 1113.

■ But aside from that view, the joinder of Miers as a defendant is wholly insufficient to sustain the venue in Val Verde county.

The allegations concerning Miers do not show that plaintiffs' cause of action against Miers is the same as that against the other defendants. Nor does it grow out of the same transaction. Therefore, the joinder of Miers did not sustain the venue under subdivision 4 of the venue statute (Vernon's Ann.Civ.St. art. 1995). Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Pearson v. Guardian Trust Co. (Tex.Civ.App.) 84 S.W.(2d) 256.

■ Subdivision 29a has no application because the term "necessary parties" in the section is used in the strict sense. First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.(2d) 756.

Certainly Miers was not a necessary party to the suit in that sense.

Affirmed.