Francis P. MAHER, Trustee, Appellant,

v.

Enrique GONZALEZ, Appellee.

No. 14265.

Court of Civil Appeals of Texas.

San Antonio.

June 3, 1964.

Rehearing Denied July 8, 1964.

William C. Wright, John E. Fitzgibbon, Laredo, for appellant.

Hall, Hall & Juarez, Philip A. Kazen, Abraham Kazen, Jr., Laredo, for appellee.

BARROW, Justice.

This suit was filed by Francis P. Maher, Trustee of the Estate of the Bank of Zapata, Uninc., which was adjudicated bankrupt on August 14, 1961, to recover from Enrique Gonzalez the sum of $5,881.-03, being principal, interest and attorney's fees due on five notes executed by appellee to the Bank. The trial court sustained appellee's special exception that all five notes were barred by the four-year statute of limitation, and dismissed the suit.

Appellant's petition affirmatively shows that each of the notes sued on accrued more than four years prior to the filing of the petition in bankruptcy. Appellee excepted to this petition for this reason and also affirmatively pleaded the four-year statute of limitation. There is no allegation which would toll the statute and appellant declined to amend his petition.

Under this record the trial court properly sustained the exception and dismissed the suit at appellant's cost. It is well settled that the statute of limitation may be raised by special exception when the pleading affirmatively alleges facts which demonstrate that the suit is barred. Mueller v. Banks, Tex.Civ.App., 317 S.W.2d 254; Armstrong v. Snapp, Tex.Civ.App., 186 S.W.2d 380; 37 Tex.Jur.2d, Limitation of Actions, § 197.

Appellee also urged in the trial court, that since the petition showed that the notes were barred by limitation, the Trustee did not have authority under Title 11, § 29, sub. e, U.S.C.A., to bring said cause of action on behalf of the bankrupt estate. This section provides in part: "A receiver or trustee may, * * * institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

It is our opinion that this provision does not affect the authority of the trustee to bring the suit, although the claim as alleged may be barred on its face under the Texas four-year statute of limitation. It has been held that the proper interpretation to be given this section of the Bankruptcy Act is that the State statutes of limitation must be applied as interpreted by the State courts. Austrian v. Williams, 2 Cir., 198 F.2d 697; Banister v. Solomon, 2 Cir., 126 F.2d 740; Remington on Bankruptcy, § 2347.

The Texas statutes of limitation are special defenses which must be pleaded and, if not affirmatively pleaded, they may be waived. Rule 94, Texas Rules of Civil Procedure; Aetna Cas. & Surety Co. v. Moss, Tex.Civ.App., 336 S.W.2d 748; Duckworth v. Dallas Co. Levee Imp. Dist. No. 6, Tex.Civ.App., 11 S.W.2d 263; Thompson v. Austin, Tex.Civ.App., 291 S.W. 276; 37 Tex.Jur.2d, Limitation of Actions, § 200. It follows that the Texas statute does not bar the assertion of the claim but, where applicable, denies recovery.

The trial court erroneously concluded that the Trustee had no authority under this provision of Title 11, § 29, sub. e, supra, to assert these claims, and that the court acquired no jurisdiction over same. It is well settled, however, that an appellate court will sustain the judgment if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment. Construction & General La-

bor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73. The petition shows that it is barred by the four-year statute of limitation and the trial court properly sustained this exception.

The judgment is affirmed.