Elizabeth M. TRIGG et vir, Appellants,

v.

Lorenza BLAKEMORE et al., Appellees.

No. 11267.

Court of Civil Appeals of Texas.

Austin.

Feb. 3, 1965.

Rehearing Denied Feb. 17, 1965.

Second Motion Denied March 3, 1965.

The Triggs' petition was filed during the summer of 1962. The petition was amended and in September of 1962 the court sustained certain special exceptions, hereinafter set out, directed at the amended petition. The Triggs did not amend the petition further and in June of 1964 the trial court granted the defendants' motion for summary judgment and dismissed the case.

The special exceptions sustained by the court which are the basis of the court's order granting summary judgment are: (1) improper joinder of the State of Texas; (2) improper joinder of the surety company on the defendant sheriff's bond; (3) the insufficiency of details alleged concerning the sufficiency of the writ in question.

Appellants, Triggs, are before this Court on four points of error the first three being the error of the trial court in sustaining each of the abovementioned exceptions; the fourth being that even should the court have correctly sustained the objections, the petition still alleged a cause of action which should have been tried.

We sustain appellants' four points of error and reverse and remand this cause for trial.

As stated above the defendants' first special exception complained that there were no facts alleged to make the State a necessary or a proper party, that nothing is alleged to show any injury to the State or any wrong committed against the State, that special permission must be given by the State before it can be made a party to a suit.

M. W. Plummer, Sr., Houston, for appellants.

Victor B. Rogers, Austin, for appellees.

PHILLIPS, Justice.

The plaintiffs in the court below, Elizabeth M. Trigg and her husband A. T. Trigg, brought suit against the defendants herein alleging wrongful eviction from certain premises, malicious prosecution, damages to furniture and other appurtenances, that the writ by which they were evicted by the sheriff, then in office, was defective. One of the defendants herein is the bonding company that underwrote the sheriff's official bond.

This case, in addition to the other elements described, is a suit against the sheriff on his official bond made payable to the Governor of Texas. These facts are identical to those described in Bordelon v. Philbrick, Com.App., 125 Tex. 460, 84 S.W. 2d 710, where the court stated that the case was one which could be brought by the plaintiff in the name of the State for his use and benefit, citing Article 1991, Vernon's Ann.Civ.St. The court also stated that re-

gardless of to whom the bond was made payable it was also a common law obligation and was intended for the use and benefit of all persons who might be injured or affected by a failure of the constable to faithfully perform and discharge all duties required of him by law, citing Howard v. United States, Use of Stewart, 184 U.S. 676, 22 S.Ct. 543, 46 L.Ed. 754. Also see Tabor v. McKenzie, Tex.Civ.App., 49 S.W.2d 874.

In view of the fact that the State is only a nominal party here and is named merely on the relation of the appellants, we are directing that the name of the State be dropped from the style of the case so as to avoid any possible misunderstanding as to the role of the State herein.

■ The second objection sustained by the trial court was that the surety company was prematurely brought into the suit for the reason that no judgment had been rendered against the sheriff, consequently the company was neither a necessary or a proper party.

Rule 40, Texas Rules of Civil Procedure under the title of Permissive Joinder of Parties states that all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. This rule applies to action on bonds. Fox v. Cone, Com.App., 118 Tex. 212, 13 S.W.2d 65; 9 Tex.Jur.2d, Sec. 44, p. 451.

In their special exception number 3 sustained by the court, the appellees (defendants below) plead: "This defendant specially excepts to paragraph VI of plaintiffs' petition for its sufficiency; It alleges a writ of restitution was issued out of the Justice Court of Precinct No. 2, of Bastrop County, Texas, but fails to allege the facts in connection therewith; That unless the facts in connection with the issuance of the writ of restitution are alleged, this defendant and this court is unable to determine whether it was lawfully issued; It also fails to allege what legal action was taken by defendants in justice court; When the suit was filed against the defendants an obligation was cast upon the defendants to do something about it; If they did nothing to defend themselves and allowed judgment to be rendered against them, and have never done anything to protect themselves, then they will have waived their right to complain and would now be estopped from claiming damages for some injury caused them by their own conduct; * * *."

Appellants allege in their amended petition that the writ was issued out of the Justice Court of Precinct No. 2, of Bastrop County on April 27, 1961 to seize the property of one Elizabeth Grady (appellant Elizabeth Trigg's name was then Elizabeth Brady), and when said writ had been executed, to return same to the court on or before 30 days from the date of issuance, that the writ was void and defective in that the sheriff knew or had reason to know that the appellant was not correctly named therein; that the appellant's then husband A. T. Trigg was not named in the writ; that seizure and execution was accomplished on June 1, 1961 more than 30 days after the date of issuance.

■ Since appellants alleged rightful possession of the property in question, damage by their eviction etc. the fact that there is an allegation that the writ in question was executed after its expiration was sufficient to show execution under a writ that was void. See Nance v. Barber, 7 Tex.Civ. App. 111, 26 S.W. 151; Rone v. Marti, Tex. Civ.App., 244 S.W. 639; Ludtke v. Bankers' Trust Co., Tex.Civ.App., 251 S.W. 600, err. ref. In this respect alone, appellants have stated a prima facie case.

■ Appellees contend that in their motion for summary judgment in the court below they asked that the case be dismissed for want of prosecution and pointed out to

the court the delay of some twenty months from the time the court sustained appellees' special exceptions to the motion for summary judgment. They further contend that the case was dismissed for lack of prosecution which was discretionary with the trial court. We do not agree. The court's order granting summary judgment stated that inasmuch as it has sustained the three objections stated above and that plaintiffs (appellants) had failed and refused to amend the pleadings, no cause of action remained on the pleadings and they should be dismissed.

■ Appellees have attempted to point out to this Court wherein other aspects of appellants' petition are insufficient to state a cause of action however as such alleged defects were not objected to in the court below we cannot consider them here. Rule 90 T.R.C.P.; 45 Tex.Jur.2d, Sec. 176, page 725.

Reversed and remanded.

### ON MOTION FOR REHEARING

In their Motion for Rehearing appellees insist that the case at bar was dismissed by the trial court for want of diligence in prosecution and not for appellants' failure to amend as recited in the court's judgment. They call this Court's attention to that portion of the judgment wherein the Court states:

"* * * and the plaintiff's having wholly failed and refused to amend said Pleadings, and that no cause of action remains on the pleadings; the court is of the opinion that said cause should be dismissed."

■ This Court is not bound by any reason given by the trial court in support of his judgment and if such judgment is sustainable for any reason, ordinarily, this Court is under the duty to affirm. See Maher v. Gonzalez, Tex.Civ.App., 380 S. W.2d 764. For this reason we discuss appellants' point of dismissal for lack of prosecution.

■■ In Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, our Supreme Court held that in dismissing a case for want of prosecution, the question is whether there was a clear abuse of discretion by the trial court and that question is one of law. Here the Court held that a dismissal for failure to prosecute a motion for new trial for more than eight years was not an abuse of discretion.

We believe, and so hold, that in the case at bar a dismissal for want of prosecution would have been a clear abuse of discretion.

As stated above, appellants' petition was filed during the summer of 1962. The petition was amended and in September of 1962, the court sustained the special exceptions set out above. Appellants did not amend and in June of 1964, the trial court granted appellees' motion for summary judgment and dismissed the case.

Appellees' motion for summary judgment was filed May 20, 1964. Appellants answered this motion the same being filed June 18, 1964. Appellants' answer was accompanied by an affidavit of appellants' attorney, who practices law in Houston, Texas, stating his desire to bring the case to trial, that since the filing of the suit, he has been busily engaged and unable to request a setting; that there had been no efforts on the part of the appellees herein to bring the case to trial.

In the Bevil case cited above the Supreme Court stated the rule announced in Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, as follows:

"Such rule as so developed and applied may be explained in these words: Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of

"abandonment of the plaintiff's suit, and a discontinuance results."

We hold that the delay of appellants in asking for a setting under the facts of this case was not unreasonable and that their explanation for such delay was sufficient to maintain the suit on the docket for such other disposition as the court may have seen fit.

Motion overruled.